HURLBUT, HESS & COMPANY, Appellants, v. GEORGE HARDENBROOK, Appellee.

1. **Attachment:** WRIT WRONGFULLY SUED OUT: DAMAGES: REMITTITUR. Where, in an action to recover damages for the wrongful suing out of an attachment, evidence was admitted as to the rental value of a building levied upon, but after the return of the verdict of the jury the court required the attachment defendant to remit the value of the rents, and rendered judgment for the amount of the verdict less the sum remitted, *held*, that any error there may have been in the submission of such question to the jury was without prejudice to the attaching creditor.

2. ————: ————: ————: EVIDENCE. At the time the writ in question was sued out, the attachment defendant was conducting his business as usual, had no intention of immediately removing out of the state, nor until all of his debts were paid, but was negotiating a sale for the purpose of paying the plaintiff's claim, and prior to the attachment informed the plaintiff's attorney of the proposed sale, its terms, and that he would notify the plaintiff when he commenced to invoice. *Held*, that the plaintiff was bound by the knowledge of its attorney, and that the jury was justified, upon the above facts, in finding that the writ was wrongfully sued out, and in returning a verdict for actual damages for the attachment defendant.

3. ————: ————: EXEMPLARY DAMAGES: EVIDENCE OF MALICE. It appearing that although the attachment plaintiff knew of the contemplated removal of the defendant for several months before the writ in question was sued out, and thereafter continued to sell him goods upon account, and also took notes therefor, yet the president of the plaintiff company made oath to an allegation in the petition for attachment, that said contemplated removal was not known to the plaintiff at the time said indebtedness was contracted or the notes in suit accepted, *held*, that the plaintiff was chargeable with malice.

4. ————: ————: ————: ————: ADVICE OF COUNSEL. The defense that the writ of attachment was sued out upon the advice of an attorney, will not avail the attachment creditor in such action, where it appears that there were facts within his knowledge materially affecting his right to such writ, which were not known to the attorney, and which the creditor failed to disclose to him.

*Appeal from Audubon District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, MAY 25, 1882.

THE facts are stated in the opinion of the court. *Affirmed.*

*Nash, Phelps & Green,* for appellant.

*I. L. Statzell* and *J. M. Griggs,* for appellee.

KINNE, J.—This is an action on an account, and also on certain notes against the defendant, in which an attachment was issued, and a levy made on the defendant's stock of goods and building in which they were situated. The notes were not due when the suit was commenced. The grounds alleged for an attachment were as follows: "That defendant is about to remove from the state, and refuses to make any arrangement for securing the payment of said notes when they fall due, which contemplated removal was not known to the plaintiff herein at the time said debt was contracted, or at the time said notes were executed." "The defendant is about to remove permanently out of the state, and refuses to pay or secure the debt due the plaintiff." The petition contained the other necessary averments. The defendant admitted the execution of the notes, that they had not been paid, that the account declared upon was just, that the plaintiff was a corporation; and denied all other allegations of the petition. By way of counterclaim on the attachment bond he set out the attachment and levy, the bond, its condition and breaches. He averred that the grounds alleged for the issuance of the attachment were untrue, and that the plaintiff had no reasonable ground for believing the same to be true; that the writ was wrongfully and maliciously sued out; and

asked damages in the sum of five thousand dollars. In an amendment he itemizes his damages, which covered attorneys' fees, depreciation in value of his goods, rental value of store building, loss of employment for himself and clerk, expenses incurred in attendance at court, and costs incurred by reason of the wrongful suing out of the writ. The plaintiff, replying, admitted issuance of writ and levy thereunder on the goods; also that the grounds for the issuance of the writ were as alleged; that it filed the bond; that the damages claimed were not paid; and denied all other allegations in the counterclaim. After the issues were formed the defendant paid the plaintiff's claim, and the case was tried only on the issues as presented by the counter-claim, and a verdict rendered for the defendant for four hundred and seventy dollars. The court required the defendant to remit all of the verdict in excess of three hundred and fifty dollars, overruled the motion for a new trial, and entered a judgment on the verdict for three hundred and fifty dollars, from which the plaintiff appeals.

I. It is said that the court erred in admitting evidence as to the rental value of the defendant's building,

1. ATTACHMENT: writ wrongfully sued out: damages: remittitur.

and in instructing the jury that the defendant could recover therefor. It appears that no direction was given to the sheriff to levy on the defendant's building, but he did levy on both stock and building, and kept the goods in said building from December 12, 1889, to February 7, 1890. During said time the building was kept locked, the defendant excluded therefrom, and the sheriff had the key. We do not feel called upon to determine as to whether the plaintiff would be liable for the unauthorized levy by the sheriff on the defendant's building, nor as to its liability for the rental value of the building under the circumstances, for reasons hereafter stated. The court, on entering the judg-

ment, found "that the evidence on the part of the defendant is insufficient to show the occupancy of the building by the officer under the writ of attachment herein was not with the voluntary consent of the defendant, or that it was necessary to preserve and protect the stock of goods therein levied upon, and that the defendant is not, therefore, entitled to recover for the rental value of said building during the term it was so occupied." The court required the defendant to remit the value of the rent, and seventy dollars in addition, and rendered a judgment for the balance. Under these circumstances, even if it be conceded that the court erred in admitting the testimony relating to rent, and in instructing the jury that they might allow therefor, still it could have worked no prejudice to the plaintiff, as the amount remitted was greatly in excess of the rental value of the building as established by the evidence.

II. It is contended that there is no evidence justifying actual damages. The jury, in answer to certain

2. ——: ——: ——. special interrogatories, found that the
evidence. attachment was wrongfully sued out; that the plaintiff had no reasonable grounds for believing that the defendant was about to remove permanently out of the state; that the attachment was maliciously sued out, with the purpose of injuring the defendant. While the evidence is conflicting, yet we think it fairly establishes these facts:  That at and prior to the suing out of the attachment the defendant was conducting his business as he always had; that he had no intention of removing out of the state until all his debts were paid and business settled; that at the time the attachment was sued out he had no intention immediately to remove from this state; that he was negotiating a sale of his goods for the purpose of paying the plaintiff's claim; that he informed the plaintiff's attorney of the proposed sale, its terms, and that he would

advise the plaintiff when he commenced to invoice the goods; that said attorney encouraged the sale; that the plaintiff or its attorney knew these and other facts. In view of these and other. facts in evidence, it cannot be said that the jury were not justified in finding actual damages for the defendant. Counsel argue that McMartin, the plaintiff's attorney, who had been sent to see the defendant in order to collect or secure the claim, made such a report to the plaintiff as warranted it in suing out the attachment. McMartin, when he acquired knowledge of the facts we have mentioned, was acting as the plaintiff's attorney, and his knowledge thus obtained binds the plaintiff, whether he communicated all the facts to it or not.

III. It is said that there was no evidence on which to base an instruction relating to exemplary damages.

3. ——: ——:
exemplary
damages:
evidence
of malice.

As we have heretofore said, the jury found the writ was sued out maliciously for the purpose of injuring the defendant. It appears from the testimony of the plaintiff's president, as well as from that of other witnesses introduced by plaintiff, that the plaintiff knew for from two to three months before the writ of attachment was sued out that the defendant contemplated removing from this state. The plaintiff's salesman had so told them, and yet, in face of this knowledge which it now appears that they had, the plaintiff's president verified the petition in this case wherein it is alleged, among other things, as a statement of grounds for the attachment, that the "contemplated removal was not known to the plaintiff herein at the time said debt was contracted, or at the time said notes were executed." The evidence shows that, after the plaintiff knew of the contemplated removal of the defendant, it continued to sell him goods on account, and also took his note; in other words, dealt with him as it always had. It thus appears that when the plaintiff's president

verified the petition he knew that the allegations heretofore referred to as grounds for issuing the attachment were false, and hence the plaintiff is chargeable with malice. *Nordhaus v. Peterson*, 54 Iowa, 71.

IV. Error is assigned on the giving of the following instructions:

"On the question whether or not the act complained of was malicious, you are instructed that if the evidence shows that before the commencement of the attachment proceedings the plaintiff fully, fairly, and truthfully stated to reputable counsel all the facts constituting their claim for an attachment, and that such counsel, upon such information so communicated, and all other facts and circumstances known to him in regard thereto, advised the plaintiffs that they had reasonable grounds for the commencement of attachment proceedings, and if you find that the plaintiff acted upon such advice, then such action in so submitting their case to respectable counsel, and the advice so given them, will go to rebut the idea of malice, and the burden is upon the plaintiffs to show and make out their defense by a fair preponderance of the evidence; and, if you find they have so made out the same, then the plaintiffs will be saved and relieved from exemplary, but not from actual, damages. But, on the other hand, if you find from the evidence that the plaintiffs did not so submit their case to counsel, and did not act upon the advice so received, then, in either event, the opinions of counsel, if any, received, will not be a defense to any damages, if any, recoverable herein."

*4. —: —: —: advice of counsel.*

It is insisted that this instruction was improper, in view of the peculiar facts of this case; that the plaintiff was not required to state its case to the attorney, as it had sent the attorney to investigate regarding the facts, and he was better advised with reference thereto than was the plaintiff. Therefore, it is claimed, it was

only incumbent upon the plaintiff to ask the advice of its attorney, and act accordingly. While it is true that most of the facts on which the attorney advised the plaintiff to sue out the attachment were within his own knowledge, and some of them were unknown to the plaintiff, yet there were facts within the knowledge of the plaintiff, and not personally known to the attorney, which it was proper and necessary for the plaintiff to state to him in order that he might be fully advised as to all the facts constituting the plaintiff's claim for an attachment. The giving of the instruction, if error, was, in view of all the evidence, error without prejudice.

Some other questions are discussed, which we need not consider in detail. We have examined all of them, and find no error. The judgment of the district court is AFFIRMED.