HAMILTON BROS. v. THOEN BROS., Appellant.

EVIDENCE—INSTRUCTIONS—PRACTICE.

*Appeal from Cedar Rapids Superior Court.*—HON. THOMAS M. GIBERSON, Judge.

THURSDAY, FEBRUARY 6, 1896.

ACTION on promissory notes. Trial to a jury, and verdict and judgment for plaintiffs. Defendants appeal.—*Affirmed.*

*U. C. Blake, John M. Redmond,* and *Cliggitt & Rule* for appellants.

*Jamison & Burr* for appellees.

KINNE, J.—I. Plaintiffs, in their petition, seek to recover on nine promissory notes executed by the defendants, aggregating the sum of one thousand eight hundred and fifty dollars and fifty cents, exclusive of interest. None of said notes were due when this action was commenced. The petition stated that nothing but time was wanting to fix an absolute indebtedness, and, as a cause for an attachment, averred that "defendants were about to dispose of their property, with intent to defraud their creditors," asked for the issuance of a writ of attachment, and for judgment on said notes. The first note was afterwards paid. The defendants, in a counter-claim and supplemental counter-claim upon the attachment bond, pleaded that the attachment was wrongfully and maliciously sued out by plaintiffs, that a large amount of their property was seized and sold thereunder, that they were kept out of the use and occupation of their premises, setting out in detail the claimed damages, amounting in the aggregate to two thousand seven hundred and eighty-six dollars and fifty-seven cents and interest, also claiming the sum of one thousand dollars as exemplary damages. To this counter-claim and the supplement thereto, plaintiffs replied, admitting the filing of the bond, the levy on the property under the writ, and denying all other allegations therein contained. In response to special interrogatories submitted to them, the jury found as follows: That plaintiffs, at the time the writ was sued out, acted in good faith, and with reasonable care, and had reasonable grounds to believe the cause stated as a ground for the attachment to be true; that the writ was not wilfully sued out; that the plaintiffs, before suing out the writ, submitted their case to an attorney, and were advised that they had a right to sue out the attachment; that, at the time the writ was sued out, the defendants were not disposing of their property, in whole or in part, with intent to defraud their creditors. The jury returned a general verdict for plaintiffs. Defendants appeal.

VOL. 97 Ia—47

II. Many exceptions were taken to rulings of the court upon the admission and rejection of evidence, which are now assigned as error. An examination of these alleged errors discloses the fact that most of them relate to matters which are unimportant, and the rulings, even if erroneous, are clearly without prejudice. We may briefly consider a few of the questions thus presented. One of the defendants had on direct examination, testified that the rental value of the building in which the attached goods were kept by the sheriff up to the time of the sale, was fifteen dollars per month. On cross-examination he was asked, "You thought it was worth fifteen dollars a month to store this one thousand, nine hundred dollars in goods that the sheriff had attached?" An objection to the question was overruled  The witness answered, "Don't know what it is worth for storing these goods." It is clear that, even if the question was improper, no prejudice resulted to defendants. Again, on re-examination, the defendant was asked by his counsel "From January to August 1st, aside from what you and your brother had to live on, was there anything that he and you appropriated to your own use out of the business?" This was objected to, as a repetition. It appears that this witness had already given a very detailed account of the disposition of all moneys which the firm had received during the period inquired about. We may here remark that the examination of the principal witnesses, on both sides, was spun out at great and unnecessary length. Witness Crissman was asked, "You knew a chattel mortgage placed on their stock would injure their credit?" An objection to this question, as being immaterial, was sustained. The inquiry was foreign to any issue in the case. What Lawyer Crissman may have known as to the effect of a chattel mortgage upon the credit of the defendants could in no way tend to enlighten the jury as to the matter they were required to determine. Exception is taken to the admission of the evidence of witness Cooper as to a conversation had by him with the defendants after the writ had been sued out. We do not decide as to the correctness of the ruling of the court in this instance, as it does not appear from the testimony that any prejudice could have resulted. Complaint is made because counsel for plaintiff was permitted to read to the jury from the return of the appraisers. It is said it was not in evidence. The record shows that the special execution and return were admitted in evidence, without objection. By the very terms of the return, this appraisement was made a part of it. It would seem, therefore, that the appraisement was in evidence as a part of the sheriff's return on the execution.

III. It is said that the court erred in the seventh paragraph of its charge to the jury. A portion of the paragraph is as follows: "It is not necessary that the information upon which the creditor acts in suing out the writ of attachment be true, if he acts in good faith, and with reasonable care, and on probable cause to believe the same, *nor is it necessary that he should act only upon such information as would be competent evidence in court,*" etc. Defendants contend that so much of

the instruction as appears in italics is improper. If it be so, a point we do not decide, the defendant was not prejudiced thereby.

IV. The eighth paragraph of the court's charge is objected to, because it failed to embody the thought that, if plaintiffs knew, when they sued out the attachment, that the ground alleged therefor was false, then they would be chargeable with malice in suing out the writ. Such a charge would be proper, if there was any evidence to support such a claim. We do not think the evidence tended to show that when the writ was sued out plaintiffs knew that the ground alleged therefor was untrue. Under such circumstances, it was not error to fail to embody that matter in the instruction, or to refuse the instruction asked relating to the same subject. The case in that respect is unlike *Hurlbut, Hess & Co. v. Hardenbrook*, 85 Iowa, 606 (52 N. W., Rep. 510).

V. Sixteen instructions were asked by the defendants, and all were refused by the court. It may be said that the instructions of the court, while correctly embodying the law applicable to the case, were of a quite general character. Nearly all of the instructions asked might have been given without committing any error. Still, most of them were fairly covered by those given. The sixteenth instruction asked, touching the advice of counsel, might well have been given; but, in view of the special findings, heretofore set out, it is clear that no prejudice resulted to the defendants from a failure to give the instruction. We cannot consider more fully these instructions which were asked and refused. Some of them singled out, or made prominent, certain portions of the evidence. While, under some circumstances, such instructions may be proper, yet we discover no reason in this case for holding that they were improperly refused.

VI. It is insisted that some of the special findings were not supported by the evidence. We have examined this claim with care, and find that the special findings were fully warranted. We do not mean to be understood as saying that there is no evidence which might tend to a contrary conclusion from that reached by the jury in their answers to these special interrogatories. The evidence was conflicting, but is such as to warrant the findings as made. On the whole record, we find no reversible error.—AFFIRMED.