## LACEY v. STRAUGHAN.

1. WARRANTY: MEASURE OF DAMAGES.   The measure of damages for a breach of warranty is the difference between the actual value of the property warranted and the value of the same if it had been as warranted.

2. ERROR WITHOUT PREJUDICE.   An erroneous instruction will not be sufficient cause for reversal when it appears that it did not result in injury to the appellant.

*Appeal from Mahaska District Court.*

SATURDAY, DECEMBER 8.

THIS was an action commenced before a justice of the peace to recover damages sustained by plaintiff in the sale of a horse to him by defendant. Defendant appealed to the District Court, and upon the trial there, the court, against his objection, instructed the jury: "If you are satisfied that the defendant warranted the horse to be sound, and he was at the time in fact unsound, plaintiff will be entitled to the full value of the horse, as he would have been if free from disease; and upon this subject you will not be confined to mere compensatory damages, but you may return such an amount as will make the plaintiff whole, and sufficiently punish the defendant for his misconduct and set a salutary example before community."

Judgment for plaintiff and defendant appeals.

*Rice, Myers & Rice* for the appellants.

*Z. T. Fisher* for the appellee.

WRIGHT, J.[1]—This case was before us and affirmed at the last June Term, upon the ground that while the instruction was erroneous, yet under the circumstances disclosed by the record, it was error without prejudice. Upon the appellant's motion, a re-hearing was granted, and subsequent reflection and examination has satisfied us that the presumption of prejudice resulting from the erroneous instruction, is not sufficiently rebutted.

We understand plaintiff to claim as for a deceit practiced, as well as upon a warranty in the sale of the horse. He had a right to rely upon both, and the court therefore properly stated to them the law upon these subjects. And without now discussing the rule of damages in cases of deceit, we are clear, that plaintiff could not recover those punitive in their

---

[1]. BALDWIN, J., dissenting.

character, as directed by the court, if defendant was found liable upon his warranty. Sedgwick on Damages, 290, 307. The measure of damages in such cases is, the difference between the value of the animal answering the warranted character and its value at the sale in the condition in which he really was. (4 Grattan 12; and see 4 Hill, 625; 21 Vermont, 580.)

This rule, as we understand, is not seriously controverted by appellee's counsel, but he insists that the jury only found the value of the horse without reference to the punishment of defendant. We do not so construe the record. The testimony is not before us. The allegations of the petition are denied, and we can not say that the jury did not, in arriving at their verdict, add to the correct sum, when following the true rule, an amount "sufficient to punish the defendant for his misconduct and set a salutary example before community." This was their duty under the instruction complained of, and we can not say they did not.

Judgment reversed.

BALDWIN, J., *dissenting.*—I concur in the opinion of a majority of this court, that there was error in the instruction of the court upon the question of damages; yet under the issue, which appears by the pleadings and the instructions asked and given, to have been presented to the jury, I am inclined to think that this was error without prejudice, and that the former ruling of this court in affirming the judgment was correct.