MYERS v. WRIGHT.

1. **Damages:** EXEMPLARY AND ACTUAL: INSTRUCTIONS. Where the plaintiff fails to recover actual damages, he cannot have been prejudiced by a refusal to give instructions upon the subject of exemplary damages.

2. ———: ———: ATTACHMENT. In like manner, it was not erroneous to instruct that if the defendant acted under the advice of an attorney in procuring the issuance of the attachment, this fact rebutted the presumption of malice.

3. ———: ———: ———. It was proper to instruct the jury that they might take into consideration the indebtedness of the plaintiff in determining the good faith with which the writ was issued.

*Appeal from Mahaska District Court.*

TUESDAY, SEPTEMBER 19.

THIS is an action upon an attachment bond, plaintiff claiming to recover because the writ of attachment was willfully, wrongfully and maliciously issued. There was a verdict and judgment for defendant. Plaintiff appeals.

*Williams & McMillan,* for appellant.

*Crookham & Gleason,* for appellee.

BECK, J.—The petition claims to recover actual and exemplary damages. The answer puts in issue the material allegations of the petition, including the wrongful issuing of the attachment. Plaintiff insists that certain evidence, which

was applicable to his claim for exemplary damages, was erroneously excluded. The evidence tended to show that plaintiff suffered mental anguish from the act of issuing the attachment. He also urges that the court erred in not directing the jury that they could consider plaintiff's mental suffering and anguish in determining the amount of exemplary damages to be assessed against defendant. There was evidence tending to show that plaintiff suffered actual damages.

I. These rulings complained of as erroneous, are without prejudice. The plaintiff failed to recover on the ground, as it is evident that the attachment was not wrongfully, willfully and maliciously issued. Had the jury found the *writ was so issued*, the plaintiff

1. DAMAGES: exemplary and actual: instruction.

would have recovered a verdict for some amount; but we must conclude that their failure to find for plaintiff was on the ground that he failed to establish his right to recover at all. If he could not recover because the writ was not issued under circumstances that would render defendant liable, he could not have recovered even though the evidence and instructions relating to exemplary damages had been given. Having no right to recover in the suit at all, he could not be prejudiced by the ruling of the court upon the points in question. *Parsons v. Hedges*, 15 Iowa, 119.

II. It is insisted that an instruction to the effect that if defendant, in issuing the attachment, acted under the advice of a practicing attorney, plaintiff could recover only actual damage. This instruction, plaintiff

2. ——: ——: attachment.

insists, is erroneous, because it should have required defendant to act under the advice of one "learned in the law." The same instruction is claimed to be objectionable on the ground that it does not require defendant to show he acted in good faith in issuing the writ, and holds that evidence of the issuing of the writ under the advice of an attorney "rebuts conclusively the idea of malice," etc.

All these objections are answered by the single suggestion that as it appears from the finding of the jury, plaintiff was not entitled to recover at all, these instructions, if erroneous in the particulars specified, wrought no prejudice.

III. An instruction directed the jury that in determining the sufficiency of the ground for issuing the attachment, they should take into consideration all the facts and circumstances given in evidence, "taking into consideration the indebtedness, if any, of plaintiff, his refusal to pay, or secure the defendant," etc. This part of the instruction is complained of by plaintiff's counsel. While the failure to secure or pay an existing debt is no ground for issuing an attachment, it is surely proper to be considered in determining whether the attachment wrongfully issued. If no debt existed, or the debtor was willing and ready to pay or secure an existing debt, the issuing of the writ could in neither case be justified. If a debt did exist which the debtor refused to pay or secure, these facts would be proper to consider in order to determine the good faith of the creditor in issuing the writ, for the simple reason that in the absence of these facts the writ could not be issued in good faith.

No other questions are presented in the case. We find no error in the proceeding to which our attention has been directed.

AFFIRMED.