# H. E. J. Boardman, Appellant, v. The Marshalltown Grocery Company, C. M. Carr its President, and D. T. Denmead its Secretary. ·

**Right to Inspect Stock Book:** Action. Code, 1873, sections 1076 to 1078, giving persons the right to inspect the stock books of any corporation, and requiring a posting of the by-laws, gives a right of action to anyone injured by a failure of the corporation to comply therewith.

**Damages.** The value of plaintiff's time in endeavoring to secure the right to inspect the stock book of defendant corporation, and sums paid to his attorney therefor, are not recoverable as actual damages.

**Punitive damages:** *Costs.* In the absence of actual damages, there can be no award of punitive damages, notwithstanding malice is shown.

**Remedy:** *Mandamus and Mandatory Injunction.* Mandamus, and not mandatory injunction, is the proper action to compel a corporation to post its by-laws, as provided by Code of 1873, sections 1076-1077.

**Right to mandamus.** A corporation cannot be compelled by mandamus to post it by-laws, as provided by Code, 1873, sections 1076, 1077, unless plaintiff pleads or proves a personal interest entitling him to the writ (sections 3377 and 3378).

**Tender of inspection:** *Damages.* Where plaintiff sought the right to inspect the stock book of a corporation, which, by its answer, tendered him such right, and also tendered all the costs of the suit to date, his failure to dismiss the suit, where no actual damages had resulted, warrants the taxing of costs against him after the tender, though he is entitled to nominal damages.

**Denial of future inspection.** In an action for a mandatory injunction to compel a corporation to permit plaintiff to inspect its stock book, where the corporation by its answer tenders such right to him, he cannot claim he is entitled to further relief because of mere suspicion that at some future time the right might be denied him.

**Reversal: nominal damages.** A judgment will not be reversed because of failure to allow nominal damages.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

SATURDAY, MAY 14, 1898.

SUIT in equity to prevent defendants from secreting their stock book and ledger, and from putting any obstacle in the way of the plaintiff's examining the same, and to compel defendants to deliver said books for inspection; to compel defendants to post up in their place of business the amount of stock paid in, the amount subscribed, the amount of the indebtedness of the corporation, a copy of its by-laws, and the names of its officers; and for damages for the denial of plaintiff's right to inspect the books. In addition to a denial and certain affirmative defenses, which need not be specifically mentioned, the defendants made a tender or offer to confess in these words: "That without conceding the legal right of the plaintiff to see the books and the statutory posted matter, and without confessing any of the allegations of the petition, but affirming all the allegations in the answer heretofore filed, states that, in view of the fact that all litigation between the parties hereto has been settled, the defendants now here tender to said Boardman the right to examine the copy of the stock book and see the statutory matter posted, all of which is on exhibition at the principal office of the defendants, in Marshalltown, Iowa, and offer to pay all costs of suit up to this time. Wherefore defendants ask to be discharged with their costs." The case was tried to the court, resulting in a decree dismissing the plaintiff's petition, and taxing all the costs made prior to the filing of the offer to confess, to defendants, and all costs made subsequent to that time to the plaintiff. Plaintiff appeals.—*Affirmed.*

*C. H. E. Boardman* for appellant.

*Binford & Snelling* for appellees.

DEEMER, C. J.—The pleadings are very voluminous, and but enough of them, in addition to what precedes, need be stated to show the points involved. The Marshalltown Grocery Company, appellee, is a corporation for pecuniary profit, organized under the general incorporation laws, with its principal place of business at Marshalltown. At the time the difficulties which lie at the foundation of this suit arose, it was occupying a building belonging to appellant as a sub-tenant. While some litigation was pending between appellant and this appellee, he (appellee) requested of the officers of the corporation an inspection of its stock book or stock ledger. This request was denied him, because, among other things, it was claimed that the book was in the possession of the then secretary, who was a resident of Oskaloosa. Plaintiff thereupon commenced this suit. Thereafter, and subsequent to the filing of an answer by the defendants, plaintiff procured an attorney at Oskaloosa to make an inspection of these books. This attorney made the necessary examination, and reported the facts to his client. For this work the attorney made a charge, which will be hereafter referred to. The plaintiff thereupon amended his peti·tion, and asked that appellee be required to post a copy of its by-laws, etc., as required by statute. Other pleadings followed which need not be referred to in detail; and on March 9, 1896, nearly two months after the original action was commenced, plaintiff made a written demand upon the corporation for the right to inspect its stock book, and for information as to its by-laws, etc., which demand appellant charges, in an amendment filed March 11, 1896, was not complied with. In this

amendment plaintiff also asked damages for being denied the right of inspection. Various pleadings followed until August 28, 1896, when defendants filed the tender or offer to confess hereinbefore set out. The case was tried as in equity, and, while there were several rulings on motions and demurrers of which appellant complains, yet, as the case is triable *de novo*, they will be disposed of by what is said touching the merits of the case.

The statute (section 1078 of the Code of 1873) seems to give any person desiring it the right to inspect the stock book or ledger of a corporation organized for pecuniary profit. See, also, *Ellsworth v. Dorwart*, 95 Iowa, 108. The same Code also provides (section 1076 and 1077) that all such corporations shall keep posted in their principal place of business, and subject to public inspection, a copy of the by-laws, with the names of all of its officers appended thereto, a statement of the amount of capital stock subscribed, of the amount actually paid in, and the amount of the indebtedness in a general way, which statement must be corrected as often as any material changes therein take place in relation to any part of the subject-matter. These last requirements are primarily for the benefit of the public. *Des Moines Nat. Bank v. Warren Co. Bank*, 97 Iowa, 204. They are also for the special benefit of those who desire to deal with the corporation, and have an interest in knowing the truth relating to the matters required to be posted. When either inspection is denied or posting neglected, any one injured thereby may have his action for damages, or performance may be required by appropriate action. Ordinarily, the performance of a duty which the law enjoins upon a corporation is to be compelled by mandamus; but such action, when brought by a private citizen, must be by one who has some personal interest

therein. *Scripture v. Burns,* 59 Iowa, 70; *State v. County of Davis County,* 2 Iowa, 280.

Appellant contends, however, that this is a suit for a mandatory injunction, and that he need not prove nor plead that he has any special interest. It is true that the petition is in this form, and that the specific relief prayed is for a mandatory writ, in so far as the case relates to the inspection of the books; but as to the posting of the by-laws, names of the officers, etc., the action, although called a suit for an injunction, is clearly one of mandamus. It may well be doubted whether a court, by process of injunction, can grant such relief as plaintiff asks with reference to the stock books. But, be this as it may, it is clear that as to the posting of by-laws, etc., the action should be by mandamus; and, as appellant has neither pleaded nor proved any such personal interest as entitles him to the writ, his petition, in so far as it relates to the matter of posting, should be dismissed. See Code 1873, sections 3373-3378.

Treating the petition as sufficient for the purpose of enforcing the right of inspection, we find that appellant was in fact given this right by and through his attorney at Oskaloosa, while the books were there, in the hands of the secretary of the corporation, and that, after the books were returned to the principal place of business, appellees, by the pleading of August 28th, tendered to appellant the right to examine a copy of the stock book, and to see the statutory matter posted, all at its principal place of business, and further agreed to pay all the costs up to that time. This was all appellant was seeking with reference to the stock book, to-wit, the right to inspect it (or a copy, as the statute provides). He did not ask, nor could he well pray, that the book or a copy thereof be at all times kept open for public inspection. His right was

personal, and to inspect at that particular time, and per haps at all times in the future when he desired. Given the right to inspect at that particular time, he was afforded all that he desired, and should have accepted the offer, and dismissed his suit, unless he was entitled to the damages he prayed. As to this, more hereafter.

Appellant claims, however, that this was not sufficient; that, while he was given the particular right he then demanded, yet he had no assurance that at some future time the right would not be denied him. It is sufficient to say in answer to this that the burden was upon him to show that some right would probably be denied him in the future. He cannot rest his case upon mere suspicion or surmise. Reasonable certainty of the denial of some right in the future should be shown before the court will undertake to interpose its remedial arm. The appellant was tendered the inspection he desired, with offer of payment of costs up to that time; and the trial court was clearly right in taxing the costs of suit made after that to appellant, unless it be found that some damages should be awarded because of the denial of his right prior to the filing of the tender or offer to confess, before referred to. Let us see what these alleged damages are. They are—*First*, the amount paid the Oskaloosa attorney; *second*, value of time lost in attempting to secure plaintiff's rights; and, *third* exemplary damages. Appellant was no doubt entitled to nominal damages by reason of the infraction of a statutory right, but it is the unvarying rule of this court not to reverse because of failure to allow nominal damages. Moreover, appellees, by their tender, which was evidently held good by the trial judge, confessed, agreed to, and did pay nominal

damages, in paying the costs made up to the time of filing their offer.

As to actual damages, the rule seems to be that it is only in exceptional cases allowance is made a litigant for time or expense incurred in prosecuting or defending an action. Liability for the taxable costs is ordinarily considered sufficient punishment for unfounded claim or mere tricious defense. The items which appellant claims should be allowed him were incurred in the prosecution of his action, and in an attempt to secure to himself the advantage of a statutory right. The denial of this right did not in itself cause damage; at least, none is shown. The expense was incurred in an attempt to secure a right, and we know of no rule which will authorize the allowance of such items as damage in a case brought to secure it. It it be true that they are recoverable, then there is good reason for holding that attorney's fees, value of time lost, expenses in attending court, and kindred matters may be recovered or taxed in any civil action. If anything is well settled, it is that such items can neither be recovered nor taxed. No actual damages resulting from the denial of appellant's statutory right are shown, and, as there were no actual damages, punitive damages cannot be assessed, no matter how malicious the defendants' conduct. We are convinced, however, that there was no malice, and this should end the inquiry.

Appellant was offered all he was entitled to, and the trial court properly dismissed his petition. Appellant has filed a motion to strike appellees' amended abstract from the files. We think, in view of the whole record, that this motion should be sustained, and that the cost of printing the same should not be taxed. This amended abstract was filed out of time, and contains nothing material to the controversy.—AFFIRMED.