INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellant, v. THE IOWA HARDWARE COMPANY and P. L. FOWLER.

**Attachment:** WRONGFUL ISSUANCE: DAMAGES. Where an attachment 1 was wrongful, malicious and without probable cause, and some actual damage is shown because of the wrongful attachment, the jury is justified in allowing exemplary damages.

**Same:** MALICE: EVIDENCE. To establish the malice necessary to sustain 2 an award of exemplary damages for the wrongful suing out of an attachment, it is only necessary to prove that plaintiff. acted with the intention, design and fixed purpose of injuring the defendant. In the instant case evidence that the agents of the plaintiff in the attachment, having charge of his business, attempted to coerce defendant into payment of a debt by the wrongful suing out of an attachment is held to have been malicious within the meaning of law.

**Same:** EXEMPLARY DAMAGES: DISCRETION OF JURY. Where it appears that an attachment was sued out for the purpose of harassing and annoying the defendant, and there is no evidence of reasonable ground to believe that defendant had any purpose to defraud the plaintiff, the jury has a wide discretion in the allowance of exemplary damages; and in the instant case an award of $500 exemplary damages is sustained although the actual damages allowed were only $40.

**Same:** WRONGFUL ATTACHMENT: INSTRUCTION. In this suit on a counterclaim for the malicious suing out of an attachment, the instructions permitting the jury to determine whether plaintiff had good cause to believe any of the grounds of the attachment to be true were not misleading, because authorizing the jury to find for defendant if only one ground of the attachment was unfounded; since by other instructions the jury was specifically told that all of the grounds of attachment must be untrue to charge plaintiff with damages.

**Same:** ATTORNEY'S FEES. In a counterclaim predicated on the wrongful and malicious suing out of an attachment, the defendant is entitled to attorney's fees, to be taxed by the court with reference to the entire damage sustained, including exemplary as well as actual damages awarded.

**Exclusion of evidence:** HARMLESS ERROR. The exclusion of evidence is not prejudicial error where the subject is subsequently fully inquired into.

*Appeal from Clarke District Court.*—HON. H. K. EVANS, Judge.

WEDNESDAY, OCTOBER 27, 1909.

REHEARING DENIED, SATURDAY, FEBRUARY 19, 1910.

ACTION to recover on promissory notes and for an attachment. Defendant admitted liability to the amount of the notes and interest, but interposed a counterclaim for damages for a wrongful suing out of the attachment. There was a verdict for plaintiff in the amount of the claim sued on less $540, allowed defendant by way of damages for the wrongful attachment, and the court allowed by

way of costs to the defendant $300 as attorney's fees.
From a judgment on this verdict the plaintiff appeals.—
*Affirmed.*

*Temple & Temple,* for appellant.

*O. M. Slaymaker* and *J. H. Jamison,* for appellees.

McCLAIN, J.—It appears that at the time plaintiff
instituted this action defendant was indebted to it on var-
ious notes in the aggregate sum of about $2,400, of which
only about $600 of indebtedness was matured. The ground
of attachment relied upon in this court by appellant as
having been established by the evidence was that defendant
had disposed of its property in whole or part with intent
to defraud its creditors.

I.   Plaintiff's attachment was levied upon defendant's
stock of goods; the sheriff took possession thereof on
Saturday afternoon; the levy was released by the exe-
cution of a delivery bond by plaintiff before
noon of the following Monday, and the actual
damages shown by defendant recoverable
in an action on the attachment bond did not exceed $40;
so that it is apparent the jury allowed at least $500 by
way of exemplary damages, which, under the instructions
of the court given in accordance with the provisions of
Code, section 3885, could only be allowed if it was shown
that the attachment was not only wrongful, but also mali-
ciously sued out. It is the contention of appellant, stated
in different ways, that there was no evidence of a wrong-
ful suing out of the attachment, and, more especially,
no evidence that the attachment was malicious. The jury
found, in answer to special interrogatories, that the at-
tachment was wrongful and malicious and without rea-
sonable cause, and we think that there was evidence to sup-
port such findings. If this was so, the jury was warranted

in giving exemplary damages, provided, of course, actual damage to some amount was shown. That some actual damage was established which might be recovered in the counterclaim on the bond, if the jury found the attachment to have been wrongfully sued out and without reasonable cause, is not questioned. Therefore the jury was justified in allowing exemplary damages, if there was evidence tending to show that plaintiff in suing out the attachment had no reasonable cause to believe the ground upon which it was sued to be true, but acted maliciously in so doing. On the evidence there can be no serious question but that the jury might properly find plaintiff to have been without reasonable cause to believe that defendant's disposal of its property was with intent to defraud the plaintiff, and that plaintiff had no reasonable cause to believe that any such intention existed. The only serious question under the evidence is as to whether plaintiff acted maliciously.

To constitute the malice necessary to sustain the allowance by the jury of exemplary damages in such cases it is not necessary to prove more than that plaintiff acted with the intention, design, or set purpose to 2. SAME: malice: evidence. injure the defendant. *Raver v. Webster*, 3 Iowa, 502; *Gaddis v. Lord*, 10 Iowa, 141; *Nordhaus v. Peterson*, 54 Iowa, 68; *Hurlbut v. Hardenbrook*, 85 Iowa, 606; *Union Mill Co. v. Prenzler*, 100 Iowa, 540. Without attempting to recite in full the evidence relied upon for defendant as tending to show that the agent of plaintiff, who acted in the enforcement of this claim, caused an attachment to be issued with the purpose of injuring defendant, because it did not immediately pay the amount of money due when demanded, and acted without any reasonable ground to believe that defendant had any purpose of defrauding plaintiff in disposing of its property, it is sufficient to say that the evidence quite strongly tended to show that the action of plaintiff's agent was prompted by

his resentment at the defendant for not at once getting and paying over the amount due, rather than by any belief that defendant was actuated by any fraudulent purpose. P. L. Fowler, who was in fact carrying on business under the name of the Iowa Hardware Company, and who was made with the company a joint defendant in the action, appears to have had unincumbered property within this State subject to execution in value exceeding the amount of plaintiff's entire claim, and there is not the slightest evidence that this property was being concealed or put beyond the reach of his creditors. Now, while plaintiff had the perfect right to enforce its claim against Fowler, it had no right to do so by suing out an attachment without reasonable ground to believe that the charge of intent to defraud the plaintiff was true, and it had no right to coerce the defendant into payment by the threat of a wrongful attachment. If its agents in charge of its business did attempt to thus coerce Fowler, their action was within the meaning of the law malicious; that is, with the intent, design, or purpose to injure him as above indicated. We think that there can be no doubt under the evidence that the jury might properly find that there was an intent and purpose to injure Fowler, because he did not promptly pay over the money due when demanded, and their finding of exemplary damages was not therefore without support.

II. We have more doubt as to whether the jury did not allow an excessive recovery on defendant's counterclaim by way of exemplary damages. The amount of real damage, as already indicated, was small; but

3. SAME: exemplary damages: discretion of jury.

we have recently said that, where it appears the attachment was sued out for the purpose of harassing and annoying the defendant, the jury has a wide discretion in the allowance of exemplary damages. *Tyler v. Bowen*, 124 Iowa, 452. It is true in that case the court attached importance to

evidence indicating that plaintiff's claim was a "trumped up" affair, which does not appear in the case before us. In *Byford v. Girton,* 90 Iowa, 661, we sustained an allowance of $200 by way of exemplary damages where it appeared that an attachment was unwarranted and resorted to more as a means of oppression or extortion than for the preservation of legal rights, although, as in the case before us, the actual damage was slight. In *Ahrens v. Fenton,* 138 Iowa, 559, we reversed a judgment for $500 by way of exemplary damage in an action on an attachment bond where the real damage was slight, as in this case; but there the jury had allowed $800 by way of exemplary damages and this the court had reduced to $500, rendering judgment accordingly, and we thought that, as the reduction could only have been made on the ground that the verdict was the result of passion and prejudice, the trial court should have set aside the entire verdict, instead of reducing it in amount and giving the defendant in the attachment suit the option of taking judgment for the reduced sum. In the absence of any evidence of reasonable ground of belief on the part of plaintiff that defendant Fowler had any purpose to defraud the plaintiff, we are disinclined to interfere with the verdict on the ground that the exemplary damages allowed were excessive, although we confess to a feeling that it went to the very verge of propriety. We reach the same conclusion without further discussion as to the allowance by the court of $300 by way of attorney's fees.

III. Complaint is made that in three instructions the court left it to the jury to say whether plaintiff had good cause to believe that any of the grounds of attachment were true, with the result, as claimed, that the jury might have understood that plaintiff would be liable if, as to any one of the grounds of attachment alleged, it had not good cause to believe it to be true, although as a matter of fact it had

4. SAME: wrongful attachment: instructions.

such cause of belief as to other grounds. We think, however, that this criticism is without merit, for in other portions of the instructions the jurors were specifically told that to find for defendant they must find the attachment wrongfully sued out without reasonable grounds to believe that any one of the grounds of attachment set out in the petition were true. There might be a possible impropriety as to a portion of one instruction in the respect criticised; but, taking the charge as a whole, there is not the slightest reason to suppose that the jurors were misled, and it was not necessary therefore to give the instruction asked for plaintiff, which was no more persuasive in his favor than some of those actually given.

IV. By some ingenious interpretation of the language of the statute which we do not perhaps fully appreciate, counsel insist that attorney's fees are not to be allowed in case of recovery for malicious suing out of attachment, and that the allowance of $300 attorney's fees, where the actual damage shown was so small, was on that account excessive; but the cases cited in support of this contention are cases where the action was not on the attachment bond. The counterclaim in this case was specifically predicated upon the attachment bond, and the statute declares that in an action on the bond "the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was sued out to be true, the actual damages sustained and reasonable attorney's fees to be fixed by the court; and if it be shown such attachment was sued out maliciously, he may recover exemplary damages." No authority is cited by counsel for the contention that attorney's fees are to be limited to those reasonable with reference to the actual damage sustained. Of course, it is necessary to prove actual damages in order to justify the allowance of any attorney's fees; but where actual dam-

5. SAME:
attorney's
fees.

ages are shown, and the jury finds the attachment to have been sued out maliciously and allows exemplary damages on that account, then surely, as we think, the court should fix the attorney's fees with reference to the entire amount recovered by the defendant. It surely could not have been the intention of the Legislature to exclude from the consideration of the court, in fixing attorney's fees in a case where exemplary damages were properly allowed, a reasonable expense by way of attorney's fees in proving the action to have been malicious and exemplary damages to have been properly included in the verdict of the jury.

V. Error is assigned in the sustaining of an objection to a question asked of a witness for plaintiff as to whether he submitted to counsel as plaintiff's agent the facts with

6. EXCLUSION OF EVIDENCE: harmless error.

reference to the attachment as he had stated them in his evidence; the evident purpose being to show advice of counsel as negativing malice. But the question was subsequently repeated without objection made, and the answer was apparently as full as it could have been to the question objected to, and we fail to see any possible prejudice to the plaintiff in the ruling.

Finding no error in the record, the judgment is *affirmed.*