HENRY L. WHITE, Appellee, v. INTERNATIONAL TEXT BOOK Co., and O. O. CRANE, Appellants.

**Exemplary damages:** INSTRUCTION. · Exemplary damages are punitive in character and are not recoverable as a matter of legal right. The allowance of such damages depends upon a finding of actual damages and is a matter of discretion with the jury. In the instant case the instruction that the jury should allow plaintiff such punitive damages as it might believe just and right, instead of submitting such allowance to the jury's discretion, was erroneous.

**Same.** An instruction authorizing recovery of exemplary damages should specify the conditions under which the jury may make the allowance. In an action for malicious prosecution an instruction authorizing recovery of such damages merely on proof of the implied malice necessary to make the prosecution wrongful was erroneous.

**Damages:** INSTRUCTIONS: EVIDENCE. An instruction authorizing the jury to allow plaintiff damages for loss of time, if any, was not erroneous on the ground that there was no evidence of loss of time.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, APRIL 14, 1914.

ACTION for malicious prosecution. Trial to a jury. Verdict and judgment for plaintiff in the sum of $2,800, and defendants appeal.—*Reversed.*

*F. L. Anderson* and *D. C. Harrington,* for appellants.

*John N. Hughes* and *C. R. Sutherland,* for appellee.

DEEMER, J.—This is the fourth appearance of the case in this court. For former opinions, see 144 Iowa, 92; 150 Iowa, 27, and 156 Iowa, 210. The nature of the case, the issues, and the facts relied upon by either party are sufficiently stated in the former opinions. It is sufficient to say that the action is for malicious prosecution, and the damages awarded manifestly included exemplary damages. Indeed, under an instruction given by the trial court, the jury was bound to award such damages. That instruction reads as follows:

If you find for the plaintiff, then you are instructed that you should allow him by way of damages: (1) Such expenses as he was put to as shown by the evidence, if any, because of such arrest; (2) the loss of time and value thereof, if any; (3) the injury, if any, to his business; and (4) such sum as will in your judgment fairly and reasonably compensate him for the humiliation, mental anguish, and distress of mind he suffered, if any, including the distress and anguish of mind caused by the humiliation and disgrace he felt, if any, at being arrested on the charge of embezzlement and confined in the city jail, as you, as reasonable men, believe the evidence will fairly compensate him therefor; (5) you will also allow him, in addition to the above, such sum by way of exemplary damages, that is, by way of punishment to the defendants for the wrong done to the plaintiff, if any, as you, as fair-minded men, believe is just and right, but the total amount of your verdict must not exceed $5,000. But you will not allow plaintiff any damages for loss of time caused by the defendants discharging him from their employment before the arrest.

Under well-settled rules established by an unbroken line of authorities, this instruction was erroneous. *Sheik v. Hobson*, 64 Iowa, 146, and an exhaustive collection of cases found in *Fink v. Thomas*, 66 W. Va. 487 (66 S. E. 650, 19 Ann. Cas. 574).

Save as provided by statute, exemplary damages are never recoverable as a matter of legal right. Whether or not they shall be allowed in any case depends: First, upon a finding of actual damages; and, second, upon whether or not the jury, in the exercise of a wise discretion, believes they should be assessed, not as compensation for the wrong done, but as punishment to the wrongdoer. Exemplary damages are punitive in character, and do not follow as a result of the wrong done. It is within the discretion of the jury to allow or to disallow them, even though defendant's wrong be malicious, oppressive, wanton, willful, or reckless; and it is erroneous for the court to direct the jury to allow them as a matter of right. See cases collected in 12 Am. & Eng. Enc. of Law (2d Ed.), page 51; 1 Sedgwick on Damages, section 357; 1 Joyce on Damages, section 118, and cases cited; *Fink v. Thomas, supra.*

1. EXEMPLARY DAMAGES: instruction.

The instruction is in no manner qualified, save by the expression "for the wrong done to the plaintiff, if any." In other words, the only qualification was that such damages should be assessed unless the jury found that no wrong was done to the plaintiff.

Again the instruction was faulty in that it failed to specify the conditions under which the jury might allow such damages. Under the instruction as given, plaintiff was entitled to recover exemplary damages, although nothing else was shown, save the malice which was necessary to make the prosecution wrongful. In other words, the jury was instructed to allow exemplary damages, although no other malicious conduct was

2. SAME.

shown, except that expressed in the seventh instruction, reading as follows:

Malice, in law, may be expressed or implied. Express malice is that disposition of a depraved heart that makes itself manifest toward the object of its dislike or hatred and is shown by acts, expression, and other outward manifestations, whilst implied malice is that condition of the heart that is presumed to exist in one who did or is doing a wrongful, illegal, and willful act toward another. And, in case of an action for malicious prosecution like the present, it may be inferred when one, without probable cause for believing another guilty of a crime, causes his arrest and detention. If you find from a preponderance of the evidence that the prosecution of Mr. White was without probable cause and not justified by the facts, then malice may be inferred therefrom.

That this was erroneous, see cases hitherto cited, and *Stevens v. Friedman,* 58 W. Va. 78 (51 S. E. 132) ; *Hendrickson v. Kingsbury,* 21 Iowa, 379; *Williamson v. Western State Co.,* 24 Iowa, 171; *Jeffries v. Snyder,* 110 Iowa, 359; *Curl v. Railroad,* 63 Iowa, 417. The following cases also support the conclusions reached: *Goodenough v. McGrew,* 44 Iowa, 670; *Root v. Sturdivant,* 70 Iowa, 55.

II. It is also contended that the instruction is erroneous in that there was no testimony as to injury to business, and no claim in the petition for loss of time. As to loss of time, the qualification in the instruction by the use of the words ''if any'' cured the defect. *Lamb v. City,* 108 Iowa, 629, 635; *Fischer v. Bolton,* 148 Iowa, 651, 654.

3. DAMAGES: instructions: evidence.

There is more difficulty with the proposition that the court was in error in submitting the question as to loss of time and in receiving testimony over defendants' objections as to the amount thereof, because there was no claim made in the petition for such damages. We would not reverse on this ground alone, but call attention to the matter in order that,

if the allegations of the petition be not amended, the error will be avoided on a retrial.

No ·other error appears; but, for the ones pointed out, the judgment must be, and it is—*Reversed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.