C. W. SOESBE, Appellant, v. H. C. LINES, Appellee.

**ATTACHMENT:** Wrongful Attachment—Exemplary Damages—Excessive Verdict. A jury will not be permitted to exercise unbridled license in assessing exemplary damages. *Some* reasonable ratio ought to exist between such damages and the actual damages suffered. A recovery of $5 actual damages, with no evidence of harsh treatment, will not support an allowance of $125 exemplary damages and $65 added as attorneys' fees.

*Appeal from Floyd District Court.*—JOSEPH J. CLARK, Judge.

THURSDAY, SEPTEMBER 20, 1917.

ACTION at law, originally brought on a contract for commission for the sale of real estate. In the main action, an attachment was issued, and defendant filed a counterclaim to recover damages on the attachment bond. The case was tried to a jury, resulting in a verdict for the defendant in the main case, and for $5 actual damages and $125 exemplary damages on the counterclaim. Judgment was rendered against plaintiff for these amounts, and the court taxed to plaintiff an additional sum of $65 as attorneys' fees to defendant's attorneys. The plaintiff appeals. —*Reversed and remanded.*

*J. G. Mitchell* and *C. M. Greene,* for appellant.

*M. Hartness* and *Frank Lingenfelder, Jr.,* for appellee.

PRESTON, J.—The entire record seems
ATTACHMENT: to have been brought here, including the
wrongful attachment: exemplary damages: excessive verdict. pleadings, evidence and instructions on the trial of the main action, as well as the counterclaim. The abstract contains 155 pages. But appellant states in argument that a reversal of the judgment entered against him upon the defendant's coun-

terclaim is sought because, as he claims, no levy of attachment was in fact made, because the defendant's interest in the land was only an equitable interest, the legal title being in one Greene, and the levy and return, and the entry upon the encumbrance book, did not show that the levy was upon an equitable interest, as provided in Section 3899 of the Code; second, if a levy was made, defendant's possession and enjoyment of his property were undisturbed; third, the court erred in admitting over plaintiff's objection an item of expense in bringing abstract down to date, for the reason that there was no pleading in the counterclaim covering such alleged item of special damages, and because, without laying sufficient foundation, a carbon copy was offered instead of the original; and, as to the other item of alleged special damage relating to the value of time spent by defendant in consultation with his attorney with reference to the release of the attachment, that the evidence is uncer-. tain as to the amount of time spent and the value thereof; and that, giving the evidence in the case all the weight it is entitled to, still, as a matter of law, there is no adequate support for the verdict. Some other considerations are also referred to—that the award of exemplary damages is disproportionate and excessive, and that the damage sustained by defendant, if any, was caused by his own misfeasance, etc. From this it will be seen that no question is presented in this court as to the trial of the main case on the contract, but that it relates solely to the counterclaim.

The court, by its instructions, authorized the jury to find damage on the following items: (1) Reasonable value of the loss of time and services, if any, in procuring the release of the attachment levy, and the delay, if any, in completing the sale of said property; (2) reasonable value and expense, if any, paid to complete the abstract of title. The court also instructed the jury that the defendant could not

recover anything for attorneys' fees, as these are fixed by the court.

The allegation of the counterclaim for which damages are claimed are:  The sum of $100 paid for attorneys' fees for defending against said attachment proceedings, and the further sum of $100 for loss of time and expenses incurred in defending against said attachment proceedings; the sum of $100 paid for attorneys' fees for prosecuting his cause of action on the attachment bond, and $200 as damages resulting directly from the levy of said writ upon said property, thereby depriving defendant of the use thereof, etc. .

It is quite evident, from the finding of the jury in so small an amount as $5 actual damages, that nothing was allowed for delay in completing the sale of the property, so that the recovery of actual damages must have been either for the expense of the abstract or loss of time by defendant in consulting his attorney, or perhaps something for both these items, and the evidence was such that the total recovery of $5 could have been for the expense of the abstract alone.   The evidence on this one item of the abstract varies from $3 to $8.   There is no merit in appellant's claim that a carbon copy of the abstract was introduced in evidence, instead of the original, because the question was how much defendant expended for the abstract.   He could have shown this without producing either the original or the copy.   Appellee concedes in argument that these items are special damages.   Appellant contends that these items are not pleaded as special damages, and that it is necessary to do so.   So that, if they are not pleaded, and the jury allowed the $5 actual damages for the abstract, it would not authorize recovery for that, or if the $5 was partly for the abstract, it would have the same effect to that extent.   As  said, it may have been all for that item. We have no means of knowing.   This leaves, then, the only other item for which a recovery could have been had, as

special damages, was defendant's time. In the opinion of the writer, it is doubtful, to say the least, whether this item, as an item of special damage, is covered by the pleading before set out. But the court is divided on this, some being of the opinion that the pleading is sufficient, in the absence of a motion for a more specific statement. We do not determine the question, since a reversal must be had on another point. The pleadings can be readily amended on a retrial. However, appellant urges that, even though the pleading is sufficient as to this item, the value placed upon defendant's time is speculative and without proper foundation, and, further, that the necessity of the alleged consultations with defendant's attorney is not shown. As we understand the record, under the evidence, the jury could not have allowed more than $1.50 for such time, and, as said, they may not have allowed anything for it. Appellant claims only $2 for this item, as we understand it. The evidence on this point, stated as briefly as may be, is substantially this:

Defendant testified that he was living near Rockford, 12 or 13 miles from Greene, on the date he returned to Greene to complete the business, and that he spent three fourths of a day; that the trip was made to Greene on March 10th for the settlement, but that that had nothing to do with the attachment; that the next trip to Greene was on March 11th; its purpose was to make the final settlement with the Worths. He says:

"It was on the 11th of March that I consulted counsel with reference to the attachment; I made no special trip for that purpose; that was the day we were supposed to settle it; that was the date on which the petition in attachment was filed. I gave a bond for the discharge of the attachment on the same date, and the attachment was released that day; March 11th was when I consulted him on the other; maybe I did consult with him with reference to

the suit on the contract—I am not positive. I don't know as to the length of time that was occupied by me' in consultation with counsel on the attachment proceedings."

He was then asked:

"Q. Now what was the reasonable value of your services, per day, for your time, the last day you went down to Greene from your place to close up that deal? (Plaintiff objected because asking for a conclusion, no proper foundation as to his knowledge, and no foundation laid as to his earning capacity or the reasonable value of his services or his time. The objection was overruled, and the witness answered.) A. Well, sir, a couple dollars a day, I suppose. Q. What would be the value of your services on the 11th of March, the time you spent consulting your attorney in regard to the discharge of your attachment? (Over the same objection, witness answered.) A. I should think that would be about as much as the other. It was about the same time of year."

He also said that the length of time the first day was about three fourths of a day, and the length of time as to the 11th of March is not given. In fact, from his testimony before given, it is not certain that he consulted counsel at all on that day on this subject. So that, at the most, all that defendant can claim as proved as special damages is $1.50, even if the jury allowed anything on this item. In *Lord, Owen & Co. v. Wood,* 120 Iowa 303, 310, we said:

"It seems to us that, if plaintiff is liable at all, the measure of damages for loss of time must be limited to the value of his time in the particular business in which he was engaged. Such damages cannot be measured by what he might have earned by working for someone else, or at some other place. The question is not what he was capable of earning, but what has he lost?"

Conceding, for the purpose of argument, that this item was pleaded, and that the jury allowed therefor, and that

the evidence was admissible, still, as we said in *Second Nat. Bank v. Lanin,* 164 Iowa 512, 516, the proof of time spent was uncertain and speculative. We are agreed that the allowance of exemplary damages is so excessive as to indicate passion and·prejudice, and that it would be an injustice to permit it to stand. It is true that there is, and can be, no definite rule, and ordinarily the allowance is for the jury, which has a wide discretion. The record does not show any brutal or harsh treatment of the defendant, as is the fact in some of the cases where the recovery of exemplary damages was much less, in proportion to the actual damages, than in the instant case. In *Union Mill Co. v. Prenzler,* 100 Iowa 540, 545, the actual damages allowed were $770, and the exemplary damages were $5,000. In that case, the exemplary damages were a little more than 6 times the amount of the actual damages. In *International Harvester Co. v. Iowa Hardware Co.,* 146 Iowa 172, the proportion was about 13 times. In *Ahrens v. Fenton,* 138 Iowa 559, 561, the exemplary damages were about 21 times the amount of actual damages, and it was held that the allowance was so excessive and unreasonable as to show passion and prejudice. In the instant case, the allowance of exemplary damages is 25 times the amount of the actual damages, or, if we add the allowance of $65 attorneys' fees, it is 38 times the amount of the actual damages allowed. In other words, the plaintiff is compelled to pay $190 for these two items in order that defendant may recover $5 damages actually suffered by him.

It is not intended by this discussion to lay down a rule for measuring the amount of exemplary damages, but only by way of comparison with·other cases where the recovery was held to be excessive, and in others, where it was held that they were not excessive.

This proposition decides the case, and renders it unnecessary to consider the other points presented. The judg-

ment is, therefore, reversed and the cause remanded.—*Reversed and remanded.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.