C. O. STRICKLEN, Appellant, v. PEARSON CONSTRUCTION COM-
PANY, Appellee.

**MASTER AND SERVANT: Exemplary Damages.** Acceptance of
1    compensation under the Workmen's Compensation Act forecloses
all opportunity to recover exemplary damages of the master.

**DAMAGES: Non-Absolute Right.** Recovery of exemplary damages
2    is a matter of grace, not of absolute right.

**MASTER AND SERVANT: Standards of Safety.** A master is not
3    deprived of the benefit of the Workmen's Compensation Act by
failing to initiate proceedings for the establishment of "stan-
dards of safety," as provided by Section 2477-m19, Code Supp.,
1913.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

DECEMBER 14, 1918.

ACTION at law, to recover damages for personal injury.
The material facts are stated in the opinion. There was a
judgment for the defendant for costs, and plaintiff appeals.
—*Affirmed.*

*Chester J. Eller,* for appellant.

*Sullivan & Sullivan* and *Miller & Wallingford,* for ap-
pellee.

WEAVER, J.—The defendant company was engaged in the
construction of a building in the city of Des Moines, and, in
the course of such work, excavated a hole or pit, in which
to lay the foundation of a pier. The plain-
tiff, being then in the employ of the defend-
ant, was by its foreman sent into the pit to
perform certain labor there; and while he
was so engaged, the earth caved in upon him, causing him
serious injury. Both parties had expressed their consent to
the terms of the Workmen's Compensation Act; and in

compliance with the terms of said statute, plaintiff was awarded damages or compensation for his injury, since which time the defendant has paid, and plaintiff has received, the installments of such compensation as they have become due. Plaintiff now brings this action at law, to recover from the company exemplary damages, in addition to the compensation which has already been awarded him. In support of this claim he alleges that his injuries were received by the gross and reckless negligence of the defendant and its foreman, and that, while plaintiff has received and accepted the compensation awarded him under the Workmen's Compensation Act, it was not received or accepted in full, or in release or in satisfaction of his claim for exemplary damages, for which he now demands a recovery. To this petition a demurrer was filed and sustained; and plaintiff thereupon filed an amended and substituted petition, alleging that Alexander Pearson is the "sole owner and proprietor" of the Pearson Construction Company, and his name is, therefore, substituted as defendant, and he is charged with negligence resulting in plaintiff's injury in the manner already described. It is further alleged that it was the duty of defendant, acting with the Industrial Commissioner, to fix the standard of safety for safety appliances and places of work; that this duty was not performed; and that, for this reason, defendant cannot rely upon the protection of the statute, as a defense to plaintiff's claim. The defendant moved to strike the amended and substituted petition, as being a mere repetition of the matters in the original petition, to which demurrer had been sustained. The motion was sustained; and, plaintiff refusing to further plead, and electing to stand on his petition as amended and substituted, judgment was entered for the defendant for costs.

I. The pleadings are not, in all respects, quite clear; but, as we understand the record, the first and principal

claim advanced by plaintiff is that, although both the par-
ties had accepted the terms of the Compen-
2. DAMAGES : non-    sation Act, and damages had been awarded
   absolute right.
and paid, pursuant to such act, the plaintiff
may still sue his employer at law, and recover exemplary
damages, if his injury was received under circumstances
which would have justified the assessment of exemplary
damages, had the Compensation Act not been adopted.

The proposition is unsound, and no authority holding
otherwise has been called to our attention. Generally
speaking, exemplary damages are never a matter of right.
If a party suffers an actionable injury, the extent of his
right to demand a recovery of damages is the sum or amount
which the jury (or court, if it be tried without jury), finds
from the evidence will fairly compensate him. If the jury
or court, in any given case, goes beyond that measure of
recovery, and increases the amount found in his favor by
an allowance of exemplary damages, it is not because they
are needed to make him whole, but because the wrongful
act of which he complains has been done in malice, or in
such high-handed or reckless disregard of duty that the
award is thus increased, by way of punishment or example.
It is true, the plaintiff gets the benefit of exemplary dam-
ages, when recovered and collected; but they come to him
by the grace of the law, and not as a matter of right. If
a plaintiff is awarded fair compensation for his injuries,
no court will grant him a new trial because the jury has
failed to award him exemplary or punitive damages. That
allowance rests wholly in the discretion of the jury. *Con-
stantine v. Rowland,* 147 Iowa 142, 148; *White v. Interna-
tional Text Book Co.,* 164 Iowa 693. And the jury may
properly allow exemplary damages only when the plaintiff
is found also entitled to recover actual or compensatory
damages. *White v. Text Book Co.,* supra; *Myers v. Wright,*
44 Iowa 38; *Connelly v. White,* 122 Iowa 391; *Boardman*

*v. Marshalltown Groc. Co.*, 105 Iowa 445. It follows, of necessity, that, if a petition states facts which clearly negative any right on plaintiff's part to recover compensatory damages, it fails to state a cause of action for exemplary damages. In his case, plaintiff concedes that he has been allowed and has accepted compensation for his injury under the Workmen's Compensation Act; and, by the express terms of that act, his employer is thereby "relieved from other liability for recovery of damages or other compensation for such personal injury." Section 2477-m, Code Supplement, 1913. In short, plaintiff, having accepted compensation from his employer for the injuries of which he complains, can have no standing in court to assert the employer's further liability to him on that account.

II. But plaintiff says—somewhat inconsistently—that defendant is not entitled to the benefit of the Workmen's Compensation Act, because the demurrer and motion, in legal effect, admit the allegation of the petition that he has not complied with the provisions of Section 2477-m19 of that act. That section reads as follows:

3. MASTER AND SERVANT: standards of safety.

"The Iowa Industrial Commissioner co-operating with the employers affected by this act, or any committee or committees appointed by such employers or the Iowa Industrial Commissioner, shall fix standards of safety for safety appliances or places of employment, except mines," etc.

The simple reading of the section makes it perfectly evident that this section places no affirmative duty upon the employer, save, perhaps, as there may be an implication of duty in the employer to observe any "standard" of safety so "fixed" by the industrial commissioner. The employer is not required to take the initiative in this matter, nor is there any provision making his failure so to do work a forfeiture of the protection of the statute. The allegation in the substituted petition, with respect to defendant's alleged

failure to take action under said section of the statute, is, therefore, wholly immaterial. The substitution of Pearson as defendant, instead of the construction company, amounts to no more than a correction in the name or designation of the person of this employer. Neither the petition nor the substituted petition states a cause of action against the company or against Pearson.

III. It should be said that the defendant's foreman, Drumhiller, was made a defendant. As to him, the trial court overruled the demurrer to the petition, and the argument in this court has been directed entirely to the question whether the plaintiff's pleading, even if taken as true, discloses any cause of action against the employer; and this is the only question on which we assume to pass.

There is no error in the record, and the rulings and judgment below are—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.