**THOMPSON v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N OF OMAHA, NEB.**

**Civil Action No. 323.**

United States District Court
N. D. Iowa, Cedar Rapids Division.
April 15, 1949.

Edward J. Dahms, of Cedar Rapids, Iowa, for plaintiff.

V. Craven Shuttleworth and Ralph W. Gearhart, both of Cedar Rapids, Iowa, for defendant.

GRAVEN, District Judge.

On matter of remand to the District Court of Iowa, in and for Linn County, involving the question of jurisdictional amount.

The plaintiff is a citizen of the State of Iowa residing in Cedar Rapids, Linn County, Iowa. The defendant is a corporation organized and existing under the laws of the State of Nebraska. It appears that on or about April 2, 1948, the defendant issued an accident insurance policy to the plaintiff providing that the plaintiff was entitled to a monthly disability payment in the sum of $75 for disability caused by accidental means. The policy shows on its face that the premium was paid in advance

to August 1, 1948. Although the principal sum stated in the policy was $2250, it was further provided therein that monthly disability payments were payable for a period up to sixty months. On February 2, 1949, the plaintiff commenced an action against the defendant in the District Court of Iowa, in and for Linn County. In his complaint (termed petition under state court practice) the plaintiff alleged the issuance of the policy by the defendant and the delivery of the policy to the plaintiff's employer at Cedar Rapids, Iowa. The plaintiff further alleged that on June 2, 1948, he sustained injuries by accidental means and that as a result of such injuries he was continuously and totally disabled for a period of five months and continuously partially disabled thereafter and since. The plaintiff further alleged that the defendant had paid him the monthly disability payments provided for in the policy for the first two months but "maliciously, wilfully and wantonly failed and refused to pay plaintiff the benefits due plaintiff under and by virtue of said contract for such disability suffered since and after the initial two months for which benefits were paid plaintiff." In a separate paragraph the plaintiff alleged that the defendant had maliciously, wilfully, wantonly and surreptitiously and without the consent of the plaintiff secured possession of the policy from the plaintiff's employer. In his original prayer for relief, the plaintiff prayed judgment for actual damages of $1000 and punitive and exemplary damages of $4000. The defendant by proper procedure removed the action to this Court. Thereafter, in response to a motion by the defendant, the plaintiff alleged that following the commencement of this action the defendant left the policy in question at the office of plaintiff's attorney. Thereafter, on its own motion, this Court set down for hearing the question of whether this Court had jurisdiction. Shortly prior to the hearing on that question and before the defendant answered, the plaintiff amended the prayer of his complaint to ask judgment for $3500 actual damages and $3000 exemplary damages.

■■ The question involved is whether the amount in controversy exceeds the sum of $3000 exclusive of interest and costs. Exemplary damages in a complaint may be included in computing the amount necessary for federal court jurisdiction. Young v. Main, 8 Cir., 1934, 72 F.2d 640. However, if under the applicable state law it would be legally impossible to recover actual and exemplary damages in the amount required for federal court jurisdiction, a claim in a complaint for the required amount will not confer jurisdiction. 1 Cyclopedia of Federal Procedure, 2d Ed., 348. In the present case the highest monthly payment to which the plaintiff could be entitled is $70. The disability of the plaintiff commenced on June 2, 1948, and up to the present time the disability has continued for a period of approximately ten months. The disability payments have been paid for two of these months so that at the present time the maximum the plaintiff could recover would be for eight months at $70 per month or a total of $560. The case would in the ordinary course be tried within the next two months. Under Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff could be permitted to file a supplemental complaint asking recovery for the monthly disability payments which have become due since the commencement of the action. See, also, 46 C.J.S., Insurance, § 1402. If the plaintiff were permitted so to do, the maximum amount of his recovery for monthly disability payments up to the time of trial could not exceed the sum of $700.

■ To reach the jurisdictional amount of $3000 so far as disability payments are concerned would necessitate the inclusion of future unaccrued installments. This involves the question of future potential disability payments as affecting jurisdictional amount for purposes of federal court jurisdiction. The greater weight of authority is to the effect that in determining jurisdictional amount future disability payments shall not be included. See annotation to Commercial Casualty Ins. Co. v. Fowles, 1946, 154 F.2d 884, 165 A.L.R. 1068. The United States Court of Appeals for the Eighth Circuit is in accord with the weight of authority. Colorado Life Ins. Co. v. Steele, 8th Cir., 1938, 95 F.2d 535.

In the present case the plaintiff, following removal by the defendant, amended the prayer of his complaint increasing the amount sought to be recovered as actual damages from $1000 to $3500. There are quite a number of cases where a party has sought to amend following removal so as to reduce his claim below the jurisdictional amount. It has uniformly been held that federal court jurisdiction cannot be defeated by so doing. 2 Cyclopedia of Federal Procedure, 2d Ed., 308. In several cases where it appeared fairly certain that the matter in controversy did exceed the jurisdictional amount, amendments increasing the amount claimed to the jurisdictional amount have been held to be permissible. Alderman v. Elgin, J. & E. Ry. Co., 7 Cir., 1942, 125 F.2d 971; Henderson v. Maryland Casualty Co., 5 Cir., 1932, 62 F.2d 107, certiorari denied 289 U.S. 727, 53 S.Ct. 528, 77 L.Ed. 1477; Davis v. Kansas City, S. & M. R. Co., C.C.Tenn.1887, 32 F. 863; Johnston v. Trippe, C.C.Ga.1887, 33 F. 530; Mutual Life Ins. Co. v. Thompson, D.C.Va.1928, 27 F.2d 753. In the case of Whalen v. Gordon, 8 Cir., 1899, 95 F. 305, the Eighth Circuit Court of Appeals had before it the following situation: Plaintiff in his original petition claimed an amount in excess of the jurisdictional amount. At the close of the trial plaintiff amended his petition so as to reduce his claim below the jurisdictional amount and then, with the permission of the court, filed a second amendment adding additional items and increasing his claim above the jurisdictional amount. The defendant contended that the district court lost jurisdiction after the first amendment and that it was error on the part of the court to permit the second amendment increasing plaintiff's claim above the jurisdictional amount. That court stated, 95 F. at page 307:

"A portion of the additional claims which were set forth in the second amendment * * * appears upon its face to be well founded in law and in fact, and there is nothing in the record that would warrant the conclusion that it was fictitious or was interposed in bad faith. The case appears to have been one, therefore, in which there was a sufficient amount in controversy to give the court jurisdiction, but the defend-ants in error had failed to plead it. Where the facts warrant the exercise of the jurisdiction of the court, but the pleader has failed to state them properly, the court is not deprived of the usual power to permit him to do so by amendment by the mere fact that the amendment will constitute or contain a jurisdictional averment."

In the later case of Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535, the plaintiff brought suit on disability clauses of a life insurance policy, and the petition on its face stated an amount in excess of the jurisdictional amount. The question of jurisdiction was not raised in the district court. On appeal the Eighth Circuit Court of Appeals raised the question of jurisdiction on its own motion and dismissed the case for lack of jurisdiction, stating that it was plain that the amount of monthly payments which had accrued up to the time of trial together with other items claimed did not add up to the jurisdictional amount. Prior to trial the plaintiff had amended his petition to include a claim for future installments of disability payments. The Eighth Circuit Court of Appeals stated, 95 F.2d at page 537:

"On May 8, 1937 (three days before trial), plaintiff amended his petition. This amendment cannot affect the jurisdiction of the federal court. That jurisdiction is determined by the petition as it was at the time of the removal from the state court."

This latter statement of the Eighth Circuit Court of Appeals would seem to cast some doubt as to the general rule stated in the earlier case of Whalen v. Gordon, supra, in regard to the permissibility of amendments increasing the amount claimed. In the present case it is apparent that the plaintiff by his amendment was seeking to have future disability payments included for jurisdictional purposes. Since such payments cannot be included it is not necessary to consider whether amendments after removal increasing the amount claimed to the jurisdictional amount can ever be permitted or considered for jurisdictional purposes.

■ Since the jurisdictional amount has not been met by the prayer for recovery of disability payments due plaintiff under the policy in question, it is necessary to consider the question of exemplary damages as alleged in plaintiff's petition. Here the Iowa

law controls since in a diversity case this Court enforces the Iowa "State law and State policy." Martineau v. City of St. Paul, 8 Cir., 1949, 172 F.2d 777, 780. In a number of states there are statutes which permit an insured to recover added damages or penalties and attorney fees where the insurer unjustifiably refuses to pay the amount due the insured under the policy. Iowa has no such statutory provisions. Because plaintiff's petition alleges both breach of contract and tort, the Iowa law governing exemplary damages in both contract and tort actions will be considered.

■■ It is a general rule of law that punitive or exemplary damages are not recoverable in an action for breach of contract. 15 Am.Jur., Damages, Sec. 273; 25 C.J.S., Damages, § 120; 84 A.L.R. 1345; Restatement, Contracts, Sec. 342. No case has been found in which this question has been squarely presented to the Iowa Supreme Court, but Patton's Iowa Annotations to the Restatement of Contracts cites the case of Lacey v. Straughan, 1860, 11 Iowa 258, as being in accord with Section 342. Although the question was not squarely passed upon, it is believed that the case does indicate that the Iowa Supreme Court is in accord with the general rule. Breach of promise to marry is an exception to this general rule, but the Iowa Court has called the increased awards in such cases "aggravated" rather than exemplary or punitive damages. Morgan v. Muench, 1916, 181 Iowa 719, 156 N.W. 819. It is the view of the Court, therefore, that for the breach of contract alleged in plaintiff's petition, no exemplary damages are recoverable.

■ The tort allegation of plaintiff's petition recites that defendant "maliciously, wilfully, wantonly and surreptitiously by false and fraudulent representations" induced the plaintiff's employer to surrender the policy to it. It is well settled in Iowa that exemplary damages are not recoverable in a tort action regardless of defendant's malice unless some actual damages are proved. Shannon v. Gaar, 1944, 234 Iowa 1360, 15 N.W.2d 257; Kinney v. Cady, 1942, 232 Iowa 403, 4 N.W.2d 225; Gregory v. Sorenson, 1932, 214 Iowa 1374, 242 N.W. 91; Stricklen v. Pearson Const. Co., 1918,

185 Iowa 95, 169 N.W. 628; White v. International Text Book Co., 1914, 164 Iowa 693, 146 N.W. 829; Myers v. Wright, 1876, 44 Iowa 38; 17 Iowa L.Rev. 413. This view is the weight of authority in the United States. 33 A.L.R. 384, supplemented in 81 A.L.R. 913. And the Iowa Court has also held that nominal damages only will not support an award of exemplary damages. Boardman v. Marshalltown Grocery Co., 1898, 105 Iowa 445, 75 N.W. 343; Schwartz v. Davis, 1894, 90 Iowa 324, 57 N.W. 849. It is necessary, therefore, to determine whether the tort alleged in plaintiff's petition would give rise to actual or compensatory damages.

■ It is well settled in Iowa that exemplary damages may be recovered in an action for conversion. Carpenter v. Scott, 1892, 86 Iowa 563, 53 N.W. 328. In some jurisdictions it has been held that an insurance policy may be the subject of conversion. See annotation to Mackay v. Benjamin Franklin Realty & Holding Co., 1927, 288 Pa. 207, 135 A. 613, 50 A.L.R. 1164. No case has been found in which the Iowa Supreme Court has passed upon this question. The Illinois Supreme Court has held that in an action for conversion of a life insurance policy the measure of damages is the face value of the policy. Mutual Life Ins. Co. v. Allen, 1904, 212 Ill. 134, 72 N.E. 200; Hayes v. Massachusetts Mut. Life Ins. Co., 1888, 125 Ill. 626, 18 N.E. 322, 1 L.R.A. 303. It will be noted, however, that in each of these cases the insured had died with the policy in full force and effect and the suit was brought by the beneficiary. The judgment was in the same amount as though there had been no conversion and suit had been brought on the contract, and such judgment cancelled the policy. The instant case is considerably different inasmuch as the question of liability and in what amount under an accident policy has to be determined quite apart from the question of conversion of the policy. The damages, if any, sustained by the conversion here would seem to be only the inconvenience occasioned by the loss of the evidence of the contract of insurance. In an analogous situation, the Arizona Supreme Court, relying on the early Wiscon-

sin case of Mowry v. Wood, 12 Wis. 413, held the measure of damages to be "the inconvenience, trouble, and expense to which they have been put by reason of defendant's tortious action." Commercial Credit Co. v. Eisenhour, 1925, 28 Ariz. 112, 236 P. 126, 129, 41 A.L.R. 1274.

■ Assuming some actual damages were incurred by the conversion, it remains to be determined whether sufficient exemplary damages could be recovered to meet the jurisdictional amount. Although the Iowa Court has held that the amount of exemplary damages in a proper case is peculiarly within the province of the jury, it has been held that they must bear some reasonable relationship to the actual damages sustained. Soesbe v. Lines, 1917, 180 Iowa 943, 164 N.W. 129. In that case the court held exemplary damages thirty-eight times the actual damages allowed was excessive. In Ahrens v. Fenton, 1908, 138 Iowa 559, 115 N.W. 233, the court held exemplary damages in the amount of $800 excessive where actual damages totalled only $37. And in International Harvester Co. v. Iowa Hardware Co., 1909, 146 Iowa 172, 122 N. W. 951, 953, 29 L.R.A.,N.S., 272, the court held that $500 exemplary damages where actual damages totalled only $40 was on the "very verge of propriety."

■ Since the maximum recoverable under the policy due to plaintiff's disability is $700, the actual and exemplary damages which could be recovered for the alleged conversion would have to be at least $2300 to meet the jurisdictional amount. Plaintiff alleges no actual damages for the conversion, and it is the view of the Court that if any were recoverable because of the inconvenience caused by the conversion, they would be unsubstantial, not exceeding a few dollars at the most. In view of the Iowa decisions above referred to, it is the view of the Court that exemplary damages of some $2200 for the conversion could not be recovered in this action.

■ It is the holding of the Court that the case be remanded to the District Court of Iowa, in and for Linn County, because of a failure of the complaint to show on its face the presence of the necessary amount to give this Court jurisdiction.