LANE *et als. v.* HOWELL, Chairman, etc.

1. TAX COLLECTOR. *Official bond. Securities not released. When.* An order of the County Court, entered upon its minutes, giving revenue collectors an extension of time for collection of taxes and settlement, does not release the securities upon his official bond.

2. COUNTY COURT. *Powers of.* County Courts have no power to change the law as to the duties and liabilities of revenue collectors even with regard to county revenue. It has power to make contracts and control the revenue of the county where authorized by law to do so, but not otherwise. It cannot change the law as to the time when the collector shall render his account and pay over the money.

FROM HAMBLEN.

Appeal in error from the Circuit Court of Hamblen county. J. G. ROSE, J.

ROGAN for Lane.

GAMMON for Howell.

MCFARLAND, J., delivered the opinion of the court.

These two motions were entered by Howell, Chairman of the County Court of Hamblen county, against R. S. Lane, former revenue collector, and his sureties, for balances of revenue. The first motion was for a balance of railroad tax for the year 1871, and was upon a special bond executed as required by law. The second motion was for balances for the years 1872 and 1873 on railroad tax, county tax, school tax, and a special court-house tax, predicated upon several bonds. There was judgment in favor of the county in each case against Lane and a portion of his sureties. Lane and the sureties against whom judgment was rendered have appealed.

The sureties claim their discharge by reason of an extension of time granted by the County Court, as shown by its orders of record, as follows:

October term, 1874.—"By order of the court, R. S. Lane, revenue collector for Hamblen county, has until the 1st of January, 1875, to make settlement of his collections for the county and State revenue."

January term, 1875.—"The court order that R. S. Lane be allowed until the April term of the court to make report and settlement."

April term, 1875.—"The court order that R. S. Lane, former revenue collector, be allowed the further time of three months to wind up his old business and make settlement with the court."

On the 16th of August, 1875, a paper was executed by three of the sureties—E. Marshall, J. L. Cain and Garrett Lane—and delivered to Howell, chairman of the court. This agreement recites that—

"Whereas, a motion is about to be made in the Circuit Court of Hamblen county against Lane and his sureties for his several delinquencies, the undersigned agree and bind themselves unto said Howell for the use of the county, in consideration that no judgment for said arrears be taken at 'this the August term, 1875,' of said court, to stand bound as sureties for the collection and payment of all said arrears, and, for the like consideration, agree to waive all defenses by reason of any extension of time to said Lane by the County Court."

This agreement was executed on the first day of the August term of the court, 1875, and no motion was made at that term of the court. The Circuit Court gave judgment against the sureties who executed this agreement, but held that the others were discharged. The county did not appeal.

The discharge of the sureties, it is argued, results from the extension of time granted by the County Court to the principal without the assent of the sureties; and the subsequent agreement of the three sureties, it is argued, is not obligatory upon them for several reasons.

It is well settled that a valid contract for an extension of time beyond the terms of the original undertaking, made with the principal without the assent of the surety, will discharge the latter; but it is equally well settled that the contract for delay must be founded upon sufficient consideration to make it obligatory upon the parties. Mere voluntary agreement for delay or indulgence, although acted upon,

will not discharge the sureties. The orders of the County Court referred to have none of the elements of contracts. So far as appears, Lane was no party to any agreement for delay. It is certain there was no consideration for the delay granted. The order for delay was purely voluntary upon the part of the court, and, at most, but amounted to a voluntary direction to the officers of the county not to proceed against Lane, and was no more obligatory from the fact that it was entered upon the minutes of the court than if the direction had been verbal. If the county officials had subsequently chosen to disobey these instructions, we see no principle upon which Lane could have held the County Court by the order for delay as a contract. It is true, the majority of this court held, in the case of *Johnson* v. *Hacker*, 8 Heis., that an act of the Legislature granting further time to a tax collector, released his sureties who did not assent to it; but this was upon the ground that the act was a valid law of the land enacted by the law-making power, and if valid (as a law) it was not denied that it had the effect contended for it. The only question was, whether it was a valid law. In the present case, it cannot be insisted that the County Court had any power to change the law as to the duties and liabilities of the tax collector, even with regard to the revenue of the county. The court has power to make contracts and control the revenue of the county where authorized by law to do so, and not otherwise, but it cannot change the law as to the time when the collector should render his accounts

Lane v. Howell.

and pay over the money; and it is difficult to see upon what valid consideration the court could extend the time by contract; but, at any rate, no such contract, founded upon a consideration, appears in this case. It is perhaps true that the officers of the county were not likely to disobey the instructions; but this makes no difference. The delay was, in legal contemplation, voluntary. There was no legal obstacle in the way of proceedings, either by the county or the sureties, at any time.

It is argued, that by failing to appeal, the county concedes that the sureties who did not join in the subsequent agreement were discharged by the orders of the County Court referred to. This concession, however, is not obligatory upon the court as to the question of law involved. Upon this view, if the sureties were not discharged by the order for delay, the effect of the subsequent agreement is immaterial. Whether the Chairman had any authority to bind the county—whether it was in fact executed or assented to by him, so as to be mutually binding upon both parties—and whether it was founded upon sufficient consideration—are questions we need not discuss. We are not, however, to be understood as intimating in favor of the sureties upon these questions.

As to the amounts of the several balances found against the defendant Lane by the Circuit Judge, there is no evidence in the record authorizing us to change these results. If any injustice has been done in this respect, it is the defendant's own fault or misfortune. The tax aggregates were shown to have

gone into his hands.    The *onus* was upon him to account for the same, which he failed to do further than the credits allowed by the Circuit Judge

The judgment will be affirmed.