## Samuel Shaw, Appellant, v. James S. Swope.

*Trover and conversion—Cause of action—Assertion of ownership.*

If the defendant in an action of trover has no possession, actual or constructive, at the time of the demand and refusal and there previously has been no tortious taking or withholding, he is not liable; the mere assertion of ownership without in any way interfering with the property or the owner's right to control it is not evidence of a conversion, especially if the defendant withdraws his claim when the owner makes demand.

Argued October 6, 1898. Appeal, No. 57, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1896, No. 756, refusing to take off nonsuit. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trover and conversion.   Before WILLSON, J.

It appears from the evidence that the plaintiff claimed title to certain horses by virtue of a bill of sale executed and delivered by one Jones, who then owned the horses.   The horses at that time were in the possession of a third party, one Pettit, of New Jersey, who had a claim upon them for their boarding and pasturage.   Plaintiff shortly afterward, as alleged, satisfied Pettit's claim on the horses by money obtained from plaintiff's mother . upon representations by Jones that the horses belonged to plaintiff.   Plaintiff took the horses to Philadelphia a few weeks after the execution and delivery of the bill of sale and put them into Jones's stable under an alleged arrangement which permitted Jones to use them in his business and which it was alleged permitted plaintiff also to exercise authority and dominion over them.   In June, 1896, plaintiff received a notice from Swope, the defendant in this case, claiming the horses had been purchased by him from Jones.   Plaintiff called upon defendant, Swope, and demanded possession of the horses.   Swope refused to deliver them although admitting at the time that he did not own the horses.   The consideration stated in the bill of sale was $1,200 but on cross-examination plaintiff testified that the real consideration for the bill of sale was an indebtedness to him by Jones to the amount of $45.00, and secondly, that the bill of sale was made to keep the horses away from Jones' creditors.

The court below entered a nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Errors assigned* were (1) entering nonsuit.   (2) Refusing to take off nonsuit.

*Joseph R. Embery*, with him *John Eckstein Beatty*, for appellant.—Admitting the bill of sale was a fraud upon Jones's creditors, and that it was known to appellant and Jones as such, yet the bill of sale and transfer of title was perfectly valid as between them.   It was only void as to Jones's creditors and Swope the appellee was not one of these.

This has been the law of Pennsylvania since the earliest times: Harbaugh v. Butner, 148 Pa. 272 ; Winton v. Freeman, 102 Pa. 366 ; Reichart v. Castator, 5 Binn. 109 ; Evans v. Dravo, 24 Pa. 62.

*W. H. Peace*, with him *H. K. Fries*, for appellee.—The judgment of nonsuit was properly entered in this case by the court below, because plaintiff failed to produce evidence of a conversion by defendant of the horses in controversy. Property must be in defendant's possession: Bunting v. Dessau, 9 Phila. 31.

The mere assertion of title to, or interest in, a chattel, when the claimant has neither possession nor control of it, does not constitute a conversion: Lowry v. Walker, 4 Vt. 76; Irish v. Cloyes, 8 Vt. 30.

Where the plaintiff knew where the property was and might have taken it when he pleased, there is no conversion: Roll v. Black, Dudley (Ga.) 18.

The plaintiff, Shaw, moreover admits the bill of sale to him was a palpable fraud, made to cheat Jones's creditors. Appellee invokes that salutary maxim, "ex dolo malo non oritur actio:" Harbaugh v. Butner, 148 Pa. 272.

OPINION BY RICE, P. J., November 14, 1898 :

This was an action of trespass for the alleged conversion of certain horses in the possession of William B. Jones under an arrangement between him and the plaintiff. Passing the question as to the plaintiff's property in the animals, was there a conversion? The evidence upon this subject is within a small compass. The defendant sent to the plaintiff the following written notice :

"You will please take notice that I have bought from Mr. William B. Jones the following horses . . . . which said Jones claims are his absolute property, and that you have no right, title or interest in or to the same. I hereby notify you that if you interfere with said horses in any way, I will hold you responsible for so doing."

Afterwards the plaintiff made a demand upon the defendant for the horses, whereupon the defendant replied: "They are not my horses. If they are yours, why don't you get an officer and get them back in a proper manner?"

The authorities cited by the defendant's counsel abundantly sustain the propositions, that if the defendant in an action of trover (now trespass) has no possession, actual or constructive, at the time of the demand and refusal and there has previously been no tortious taking or withholding, he is not liable; also

that the mere assertion of ownership without in any way inter-
fering with the property or the owner's right to control it is not
evidence of a conversion, especially if the defendant withdraws
his claim when the owner makes demand.

Judgment affirmed.