WALTER E. KOERNER, petitioner,

*v.*

U. S. WAXED AND COATED PAPER Co., a corporation.

[Decided May 22d, 1923.]

1. Where a machine was purchased by a corporation which afterwards became insolvent, and only partly paid for, and the conditional bill of sale was not recorded until after the receiver was appointed for the insolvent corporation, the seller of the machine is entitled to reclaim it from the receiver.

2. Possession of such property by a receiver is not synonymous with the statutory words "lien by attachment or levy."

*Mr. William Harris,* for the petitioner Mayer Coating Machine Company.

*Messrs. Gabrielson & Stasse,* for the receiver.

FOSTER, V. C.

The petitioner seeks the return to it of a certain coating machine which, under contract of May 25th, 1922, was delivered to the defendant corporation under a conditional bill of sale which was not filed or recorded until after a receiver was appointed in this cause. Only part of the purchase price has been paid and the receiver opposes the return of the machine to the petitioner on the ground that under the provisions of section 5 of the Uniform Conditional Sales act (*P. L. 1919 p. 461 ch. 210*), the judgment of the company's insolvency and the appointment of a receiver for it brings the receiver under the protection of the section mentioned, and gives him the levy or lien upon the machine, which this section provides.

Section 5 of the act reads:

"That every provision in a conditional sale reserving property to the seller shall be void against any one who acquires by attachment or levy, a lien upon the goods mentioned therein, before the contract or a copy thereof shall be filed as hereinbefore provided, unless such contract or a copy is so filed within ten days after the making of the conditional sale."

I am unable to accept this view of the receiver and do not think that the provisions of section 5 are broad enough, or are intended, to include the idea of the property being in the possession of a receiver and making that possession synonymous with the statutory expression, "lien by attachment or levy," or to give to such possession the protection and effect of a lien or levy.

In the recent case of *Commercial Credit Co.* v. *Vineus, 120 Atl. Rep. 417,* Mr. Justice Minturn said:

"That the statutory language * * * has a fixed and determinate meaning, peculiar to legal procedure, and ob-

viously imports the precedent institution of a legal proceeding in a court of law or equity, as a basis for the existence of the writ and a levy thereunder. A statute, therefore, containing such well defined legal terms with reference to the determination of legal rights *inter partes* must be strictly construed and its plain legal meaning cannot be extended by implication."

This determination disposes of the contention of the receiver and the application of the petitioner will be granted.