## JOHN SERZAN, PROSECUTOR-RESPONDENT, v. FRANK NAPOROWSKI, RESPONDENT-PETITIONER.

Submitted December 6, 1923—Decided March 3, 1924.

**Workmen's Compensation—Award of Deputy Commissioner of Counsel Fees and of Disbursements to be Paid Forthwith Out of Petitioner's Last Payment of Compensation—Held, That There was No Authority to Award Counsel Fee in That Manner and No Authority to Award "Disbursements" at all.**

On *certiorari.*

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutor, *Frank G. Turner.*

For the respondent, *Samuel Greenstone.*

PER CURIAM.

This is a workmen's compensation case. There was an original award which was reopened on application of petitioner, and after hearing witnesses, including medical experts, as to the extent of injury, the deputy commissioner awarded nineteen weeks at $12 per week as temporary disability, and two hundred weeks at $12 per week as permanent disability, adding the requiremnt that "the attorney for the petitioner is entitled to a counsel fee of $275, together with disbursements of $260, to be paid by the respondent forthwith out of petitioner's last payment of compensation and to be credited as compensation paid by the respondent." The attack now made is on this clause, requiring this total of $535 to be paid forthwith.

We think the deputy commissioner had no jurisdiction to make the award in this form.

As to counsel fee, the statute seems to authorize an award in addition to the weekly compensation (*Pamph. L.* 1918,

p. 435, § 17) ; but this was not done. Or the attorney could be paid by weekly installments (*Pamph. L.* 1913, *p.* 310), unless there be a commutation of the award of compensation. But if it be conceded that there was any attempt at commutation in this case (and this is at least doubtful) it is obnoxious to the express provision of the act which says commutation shall not be allowed to make payment to physicians, lawyers or any other persons. The sole purpose of this part of the award is to pay a lawyer, and of the other part, as shown and conceded, to pay the expert medical witnesses. As to these latter there is no recognition at all in the statute of such claims.

In *Jensen* v. *Woolworth Co.*, 92 *N. J. L.* 529, the Court of Errors and Appeals sanctioned commutation to pay for an operation to save petitioner's life; but that is a very different matter.

We conclude that there was no authority to award a counsel fee in the manner attempted in the adjudication, and as to the so-called "disbursements" no authority whatever. As prosecutor is legally injured by being required to anticipate weekly payments in this manner, the award, so far as it calls for payment of counsel fees and disbursements, will be set aside.