MLODZIK, Plaintiff, vs. ACKERMAN OIL COMPANY, Defendant: MILWAUKEE TANK WORKS, Appellant, vs. SADLIER, Receiver, Respondent.

*September 17—November 9, 1926.*

*Sales: Unfiled conditional sales agreement: Rights of parties in receivership proceedings: Receiver as attaching creditor.*

1. The act of a receiver in taking possession of the assets of a corporation submitting voluntarily to receivership proceedings is not a "levy" within the meaning of the Uniform Conditional Sales Act (sec. 122.05, Stats.), declaring that every

provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who without notice of such provision acquires, by attachment or levy, a lien on the goods sold.   p. 237.

2. While the appointment of a receiver may constitute an equitable levy, it is not a legal levy that changes the rights of existing creditors of the insolvent buyer under an unfiled conditional sales contract.   p. 237.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.   *Affirmed in part; reversed in part.*

The appellant, the *Milwaukee Tank Works,* had sold to the Ackerman Oil Company certain tank equipment under an unfiled conditional sales contract.   Some of the goods the buyer had sold and payment in part had been made to it when it made a voluntary assignment and a receiver was appointed.   The appellant by petition asked, among other relief, (1) that the receiver should deliver up to it the pumps and tanks in his possession covered by the conditional sales contract, and (2) that the money collected or to be collected by the receiver on the resale should be paid to the appellant.

The trial court held that the appointment of a receiver was tantamount to a levy within the meaning of the Conditional Sales Act and operated to defeat the lien of the vendor, and entered an order denying the relief asked, from which order the appeal is taken.

For the appellant there were briefs by *Armand J. Tuteur,* and oral argument by *Mr. Tuteur* and *Mr. Ralph H. Petersen,* both of Milwaukee.

*Julius O. Roehl* of Milwaukee, for the respondent *Sadlier.*

VINJE, C. J.   Does the taking possession by a receiver of the assets of a corporation that makes a voluntary assignment constitute a levy within the meaning of sec. 122.05, Stats., which provides that "Every provision in a conditional sale reserving property in the seller, shall be void as to any

purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale"? Sec. 122.05 constitutes a part of the Uniform Conditional Sales Act adopted by our state in 1919, and the question arises as to the meaning of the word *levy* therein contained. It is argued by the respondent that a liberal construction should be given the word and that it should be held to include an equitable as well as a legal levy; that our court has often spoken of the taking possession by a receiver as an equitable levy and that the receiver represents both the insolvent and the creditors, and cases from both federal and state courts are cited to sustain the position that the taking possession by a receiver constitutes a levy that will defeat the lien of a vendor under an unfiled conditional sales contract. Some of these cases will be noted.

In *Duplex P. P. Co. v. Clipper Pub. Co.* 213 Pa. St. 207, 62 Atl. 841, it was held that on a creditor's bill when a receiver is appointed for an insolvent corporation he is not limited like an assignee for the benefit of creditors by the right of the debtor corporation to property held by it under a conditional sale, but has the right of a levying creditor, and a sale by him passes a good title against the vendor irrespective of the purchaser's status as a creditor either with or without notice. In this case the Conditional Sales Act was not discussed in any way, and it appears that it was the purchaser at a receiver's sale who sought to assert his right against the creditors of the insolvent corporation.

In *Hamilton v. David C. Beggs Co.* 179 Fed. 949, the district court held that the Ohio rule that a receiver held in the same capacity as an attaching creditor or a levying creditor at law should be enforced because of the Ohio rule. It

held that if the federal rule applied a different result would be reached. It stated the federal rule as follows:

"The possession of the receiver is only that of the court whose officer he is and adds nothing to the previously existing title of the mortgagee. He holds pending the litigation for the benefit of whomsoever in the end it shall be found to concern, and in the meantime the court proceeds to determine the rights of the parties upon the same principles it would if no change of possession had taken place." Citing a number of federal cases, among others *Fosdick v. Schall*, 99 U. S. 235; *White v. Ewing*, 159 U. S. 36, 15 Sup. Ct. 1018.

And the same rule is also announced in *York Mfg. Co. v. Cassell*, 201 U. S. 344, 26 Sup. Ct. 481.

In *H. K. Porter Co. v. Boyd*, 171 Fed. 305, the district judge, being in the Eastern district of Pennsylvania, followed the decision in *Duplex P. P. Co. v. Clipper Pub. Co.*, that being the construction of the rights of a receiver by the supreme court of Pennsylvania. It places its decision on the ground that an equitable levy is equivalent to a legal levy, and that equality among the creditors is what is sought by a receivership,—the result being that all the funds are held and each creditor is allowed his *pro rata* share. This is contrary to the federal rule as it existed before the amendment to the Bankruptcy Act in 1910.

Federal bankruptcy cases since 1910 are not applicable because the amendment of that year to sec. 47 (a) (2) of the Bankruptcy Act gave the trustee in bankruptcy the same rights as a levying or attaching creditor, contrary to the rule theretofore existing. *York Mfg. Co. v. Cassell*, 201 U. S. 344, 351, 26 Sup. Ct. 481.

It will be noticed that in none of the cases cited by the respondent and in those cases that we have been able to find has the particular language of the Conditional Sales Act been construed except in New Jersey. There it was held that the words "or acquires by attachment or levy a lien upon

Milwaukee Tank Works v. Sadlier, 191 Wis. 233.

them" refer to a legal attachment or levy, one instituted in a court, and is not such a levy as is spoken of by the court where a receiver is appointed to take charge of the assets. The court says:

"This statutory language inherited from centuries of legal application has a fixed and determinate meaning peculiar to legal procedure, and, obviously, imports the precedent institution of a legal proceeding in a court of law or equity as a basis for the existence of the writ and a levy thereunder. 25 Cyc. 206, and cases; 6 Corp. Jur. 42, and cases; 17 Ruling Case Law, 102, and cases."

"A statute, therefore, containing such well defined legal terms with reference to the determination of legal rights *inter partes* must be strictly construed, and its plain legal meaning cannot be extended by implication." *Commercial C. Co. v. Vineis*, 98 N. J. L. 376, 120 Atl. 417.

The same rulings were made in the cases of *Koerner v. U. S. W. & C. P. Co.* 94 N. J. Eq. 655, 121 Atl. 338, and in *Depew v. C. W. Depew & Co.* 98 N. J. Eq. 461, 131 Atl. 76.

We think the rulings of the New Jersey court are both logical and equitable. Before a receiver is appointed, a vendor to C. under an unfiled conditional sales contract can recover from C. as against B. who is only a general creditor of C. It is claimed that after a receiver is appointed the vendor cannot recover from the receiver as against B. The result is that the appointment of a receiver changes the rights of existing creditors. This a receivership is not intended to do. On the contrary, it is intended to preserve the rights of creditors as they exist at the time of the appointment of the receiver, and that is why the receiver represents the creditors and is bound to protect their rights just as they are at the time of his appointment.

While the appointment of a receiver may be said to constitute an equitable levy, it is not a legal levy that changes the rights of existing creditors of the insolvent. Whatever

effect the appointment of a receiver has, it should affect the rights of the creditors alike. It should not advance one and retard another.

The reason why the Conditional Sales Act provides that an attachment or levy destroys the vendor's lien is no doubt to reward the diligent creditor. In a voluntary assignment no creditor has been diligent as against others. They all stand on a parity, and they should be entitled to enforce the rights they have.

The New Jersey cases are the only ones we have been able to find that directly construe the Conditional Sales Act, and our statute, sec. 122.30, provides: "This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." Hence on the grounds of logic, equity, and uniformity we adopt the construction given the act by the New Jersey courts.

The receiver will turn over to appellant the tanks and pumps on hand at the time the application was made to the court below, and the proceeds of sales theretofore or thereafter made collected after the application. Proceeds of sales collected before the application remain as assets of the insolvent corporation.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order in accordance with the opinion.