# Mackay et al., Administrators, Appellants, *v.* Benjamin Franklin R. & H. Co.

*Architects—Appropriation of plans—Alleged wrongful use of plans—Action against owner of building — Notice — Independent contractor.*

1. In an action of trespass by the administrators of a deceased architect against an owner of a building, to recover the value of plans prepared by the deceased, and alleged to have been copied and appropriated by the architect employed by defendant, no recovery can be had where there is no evidence that defendant had knowledge of the appropriation.

2. In such case the architect was employed as an independent contractor.

3. An owner and builder is not liable for ideas given, by a third person, to an architect in the preparation of plans for a building.

4. A bona fide purchaser from a bailee, or other custodian, does not obtain a good title as against the real owner.

Argued December 3, 1926. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 295, Jan. T., 1926, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., June T., 1924, No. 1091, on directed verdict for defendant, in case of Irene H. Mackay and Harold Webber, Administrators d. b. n. c. t. a. of estate of Frederick Webber, deceased, v. Benjamin Franklin Realty and Holding Co. Affirmed.

Trespass for conversion of plans for a building. Before Bartlett, P. J.

The opinion of the Supreme Court states the facts.

Directed verdict for defendant on which judgment was entered. Plaintiffs appealed.

*Errors assigned* were, inter alia, rejection of evidence and directing verdict for defendant, quoting record.

*Samuel J. Henderson*, with him *Benjamin M. Kline*, for appellants.—One who receives the benefit of property wrongfully converted to his use is liable to the true owner for the value thereof whether or not he has knowledge of the conversion: McMahon v. Sloan, 12 Pa. 229; Miller Piano Co. v. Parker, 155 Pa. 208; Forsyth v. Wells, 41 Pa. 291; Kusenberg v. Browne, 42 Pa. 173.

*Stanley Folz*, of *Sundheim, Folz & Kun*, for appellee, was not heard.

Opinion by Mr. Justice Walling, January 3, 1927:

The Continental Hotel stood on the southeast corner of Ninth and Chestnut streets, Philadelphia, and, about 1920, a company was orgnaized to take over the property and erect on the site a new, modern hotel. With this end in view the company sought the services of Frederick Webber, an architect, to prepare preliminary plans for the proposed hotel, which he did. Webber died in 1921, and the project was temporarily abandoned, but early in 1923 a new corporation, the defendant, was formed and the project of building a new hotel on that site, towit, the present Benjamin Franklin Hotel, was undertaken. Horace Trumbauer, an architect, was employed by the new corporation to prepare the necessary plans and specifications and superintend the construction, which he did. Webber's administrators brought this suit in trespass, formerly trover and conversion, against the present owner of the hotel, on the contention that Trumbauer, in preparing the plans and specifications, made an unauthorized use of those previously drawn by Webber. At the trial, after testimony had been offered as to the

similarity of the two sets of plans, a witness being on the stand, plaintiffs' counsel made an offer of proof as follows, viz: "I have evidence here to prove by the present and succeeding witnesses that the Webber plans came into possession of Horace Trumbauer, defendant's architect, as Webber's property, and that there was no gift to Trumbauer or purchase by Trumbauer of these certain plans, and that these plans were appropriated and used by Trumbauer in the construction of defendant's building which is erected in substantial accordance therewith, and, further, to show the value of these plans prepared by Webber; but I have no proof that the defendant knew that the Webber plans were being used"; and then said that was all the evidence he could offer. Whereupon, the trial judge, holding the offered evidence insufficient to sustain plaintiffs' case, excluded it and directed a verdict for defendant; and, a rule for a new trial having been discharged, plaintiffs brought this appeal.

The only question presented is whether the offered proof, with that as to the similarity of plans, made out a prima facie case. In our opinion it did not. So far as appears, defendant's architect, Trumbauer, was an independent contractor in the preparation of the plans (26 Cyc. 1548-9 and cases there cited) and, as such, had no power to obligate the defendant: 5 C. J. 256. It was his duty to furnish the necessary skill, ideas and labor to complete his part of the construction, at his own expense. It was not a case of principal and agent for, as to the preparation of the plans, he was acting for himself and not as defendant's agent, and he was liable for whatever assistance he received. We infer from the meagre record that plaintiffs contend Trumbauer, in making his plans, substantially copied those of Webber, but how they came to his possession is not shown. We do not understand the latter were actually used on defendant's premises, but that the Trumbauer plans, which were used, were copies or near copies of the Webber plans. This is what plaintiffs' counsel stated in answer to an inquiry from

the trial judge, made before the ruling complained of. So the gravamen of plaintiffs' case is that the ideas in the Webber plans were appropriated by Trumbauer in preparing the plans used in the construction of the building, but admittedly defendant had no knowledge of such appropriation. So understood, the offer of evidence failed to complete a prima facie case, for at most all that plaintiffs contend actually went into the hotel were the Webber ideas, but no physical property, which belonged to his estate. We are aware that an action of trover and conversion can be maintained for almost any kind of personalty, including money, notes, bonds, certificates of stock, title deeds, etc., but no authority was cited and we know of none where such action has been sustained for something so entirely intangible as an idea, not connected with physical property. Doubtless trover might be maintained for the actual conversion of plans, but defendant had no knowledge of the Webber plans; never saw or heard of them. Furthermore, the only claim in plaintiffs' statement is for the conversion of plans, and no mention is made of the appropriation of ideas. The only use Trumbauer made of them, so far as appears, was while he was acting as an independent contractor preparing his plans; for that the defendant would not be liable. A builder is not liable for ideas given an architect in the preparation of plans.

We do not agree, however, with the trial judge's suggestion that a bona fide purchaser from a bailee, or other mere custodian, obtains a good title as against the real owner, for, "It is well settled that one having possession of personal property as a bailee can give no title thereto to a purchaser, although the latter acts in good faith and parts with value and is without notice of the want of title in his seller. The mere possession of chattels, by whatever means acquired, if there is no other evidence of property or authority to sell from the true owner, will not enable the possessor to give a good title": 24 R. C. L. p. 375, sec. 663; see also Leitch v. Sanford Motor

Truck Co., 279 Pa. 160; Miller Piano Co. v. Parker, 155 Pa. 208; McMahon v. Sloan, 12 Pa. 229; Hayden v. McMillan, 79 Pa. Superior Ct. 1; Werley v. Dunn, 56 Pa. Superior Ct. 254; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218. The trouble here is the defendant never had possession of the Webber plans, actually ˙ or constructively; hence, trover would not lie: Shaw v. Swope, 8 Pa. Superior Ct. 491. In the erection of the building, Trumbauer used his own plans, regardless of the source of the ideas from which they were prepared. It is not necessary now to decide what remedy plaintiffs may have, or against whom, but we agree with the trial court that, under the facts as stated, this action cannot be sustained against the defendant.

The judgment is affirmed.