## CONTINENTAL BANK & TRUST CO. OF NEW YORK v. WEBSTER HALL CORPORATION OF AMERICA et al.

### No. 2567.

District Court, W. D. Pennsylvania.

July 28, 1932.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

David M. Harrison, of Pittsburgh, Pa., for defendant Webster Hall Corporation.

Thorp, Bostwick, Stewart & Reed, of Pittsburgh, Pa., for other defendants.

SCHOONMAKER, District Judge.

This is an action in equity to enforce a conditional sale contract for furniture used in the hotel of defendant Webster Hall Corporation of America, now in custody of this court through its receivers, who are also defendants in this case. From the bill, answer, and proofs, we make and find the following findings of fact and conclusions of law.

### Findings of Fact.

We find the facts in this case to be as stated in the plaintiff's requests for findings of fact, which are hereby affirmed and filed herewith as the findings of fact in this case.

### Conclusions of Law.

On these facts we make the following conclusions of law:

We adopt and affirm the plaintiff's requests for conclusions of law, which are filed herewith as the conclusions of law in this case.

### Opinion.

The sole issue in this case is the validity of a conditional sale contract between the plaintiff, as seller, and defendant Webster Hall Corporation of America, as buyer of the furniture and furnishings of the Webster Hall Hotel in Pittsburgh, Pa. The validity of this contract, as between the parties, is not disputed; but the receiver defendants deny its validity as against the general creditors of the Webster Hall Corporation of America.

The conditional sale contract grew out of an agreement between the Webster Hall Corporation and S. W. Straus Company, Inc.,

dated November 25, 1925, wherein the Straus Company was to buy an issue of bonds in the sum of $1,650,000, to be secured by a mortgage to a trustee on real estate of the Webster Hall Corporation, with the understanding that the proceeds of the bonds were to be applied to the construction of a hotel building, and to furnishing the same. The title to the furniture in the hotel was to be placed in the name of the trustee under the mortgage, and was to remain in him until the bonds were fully paid off. This was to be accomplished by the assignment to the trustee of the contract for the purchase of the furniture, and then the execution and delivery of a conditional sale contract between the trustee and the Webster Hall Corporation covering the furniture and furnishings of the hotel. This plan was carried out. On January 22, 1926, the Webster Hall Corporation entered into a written contract with Albert Pick & Co. for this furniture and furnishings for the hotel. The same day the Webster Hall Corporation assigned this contract to the trustee. On January 27, 1926, the trustee paid $100,000 to Albert Pick & Co. to apply on this furniture contract. Thereupon, the furniture and furnishings contract was carried out, and the furniture and furnishings were installed in the hotel. When this was accomplished, on or about December 7, 1926, Albert Pick & Co. executed and delivered to the trustee a bill of sale of the furniture and furnishings. Then, on March 31, 1927, the conditional sale contract involved in this suit between the trustee, as seller, and the Webster Hall Corporation, as buyer, was executed, delivered, and filed in the office of the prothonotary of Allegheny county, Pa., in conformity with provisions of the Uniform Conditional Sales Act of Pennsylvania (69 PS § 361 et seq.).

We hold this to be a valid conditional sales contract under the Pennsylvania law.

■ In the first place, this contract was executed and filed of record before any of the debts owed by the Webster Hall Corporation at the time of the appointment of receivers by this court came into existence, with the possible exception of Albert Pick & Co., who certainly are estopped from contesting its validity after execution and delivery to the trustee of a bill of sale for this furniture. All other persons dealing with the Webster Hall Corporation had notice of this conditional sale from the record.

■ The contention of the receiver that this sales agreement is a mere attempt to subject the furniture and furnishings of this hotel to

the mortgage lien of the entire amount of the mortgage indebtedness, and is therefore illegal and ineffective as against creditors, will not hold in the case at bar. True, it is that a conditional sales contract is more often conditioned for the payment of the purchase price. But the Pennsylvania Conditional Uniform Sales Act specifically provides in section 1 as follows: "Section 1. Definition of Terms. Be it enacted, etc., That in this act 'conditional sale' means any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price or upon the performance of any other condition or the happening of any contingency." 1925 Laws of Pennsylvania, page 604 (69 PS § 361).

The act further provides in section 4 (69 PS § 401): "Section 4. Conditional Sales Valid except as Otherwise Provided. Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

It is apparent from these quotations from the Uniform Sales Act of Pennsylvania that it was the purpose of the act that other conditions than the mere payment of the purchase price might properly be imposed by the terms of the sales agreement, and that it was the purpose of the law that all these conditions should be valid as to all persons, except as otherwise provided in the act. As we construe this provision of the statute, a conditional sales contract is presumptively valid as against the world, and the person attacking the validity of the seller's reservation of title must show that his case falls within one of the exceptions mentioned in section 4 of the act. These exceptions are stated in section 5 of the act (69 PS § 402) in the following language: "Section 5. Conditional Sales Void as to Certain Persons. Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

In the instant case, there was no creditor who acquired by attachment or levy a lien upon the furniture and furnishings of this

hotel. There was no such creditor who had any lien upon the goods covered by the conditional sale contract. The only creditor in existence at the time the conditional sale contract was executed, who was a creditor at the time of the appointment of a receiver in this case, was Albert Pick & Co., who executed a bill of sale to the trustee under the mortgage, who knew all about it long before, and who are therefore estopped from now attacking the validity of the title of the trustee to these hotel furniture and furnishings.

The testimony in this case shows that the only creditors other than Albert Pick & Co., who had any dealings with the Webster Hall Corporation, were the United Laundries, Albert L. Brahm & Co., and Peter Avetta. The indebtedness that was owing to these creditors at the time the conditional sale contract was made has been paid. Any claims that they may now have are for debts that were contracted after the conditional sale contract was made and recorded, as provided by the Pennsylvania statute.

If it be said that the receiver in this case is in the same position as a trustee in bankruptcy, having the relative position of an execution creditor, even then this case is not within the provisions of the act, because the receiver was not appointed until after the conditional sale contract had been filed in the prothonotary's office of Allegheny county, and the receiver must have had notice of the provision of the contract by that recording.

There seems to be some question as to whether or not the receiver in equity in this case does actually stand in the position of a creditor, who has, by attachment or levy, acquired a lien upon goods. There has been no decision in Pennsylvania upon this subject, but in Koerner v. United States Waxed & Coated Paper Company, 94 N. J. Eq. 655, 121 A. 338, it was held that possession of property by a receiver in equity is not synonymous with the statutory expression, "lien by attachment or levy," and does not give to such possession the protection and effect of a lien or levy.

In a later case, the New Jersey courts held that the receiver stands in the shoes of the company, and, as the company could not attack the contract, the receiver could not. Depew v. C. W. Depew & Co., 98 N. J. Eq. 461, 131 A. 76.

The same conclusion was reached in the courts of Wisconsin in the construing of a Uniform Sales Act. Milwaukee Tank Works v. Sadlier, 191 Wis. 233, 212 N. W. 790.

In a careful review of the testimony in the instant case, we find, in the situation which existed prior to the making and filing of a conditional sale contract, nothing which contained any element of fraud against the creditors of the Webster Hall Corporation. The contract between the Webster Hall Corporation and Albert Pick & Co. was assigned to the trustee on the date it was made, January 22, 1926. They had notice of that assignment, made deliveries thereunder, and received $100,000, paid by the trustee on the 27th day of January, 1926, the next day after the contract was made and assigned to the trustee.

The fact that this property was in possession of the Webster Hall Corporation at its hotel is not of itself evidence of fraud, because the Pennsylvania courts have long held that the mere possession of personal property is but evidence, prima facie, of ownership of a personal chattel. It is never conclusive of the title. Quinn v. Davis, 78 Pa. 15; Miller Piano Co. v. Parker, 155 Pa. 208, 26 A. 303, 35 Am. St. Rep. 873; McMahon v. Sloan, 12 Pa. 229, 51 Am. Dec. 601; Mackay v. Benjamin Franklin Company, 288 Pa. 207, 210, 135 A. 613, 50 A. L. R. 1164; Kendall Produce Co. v. Terminal Warehouse Company, 295 Pa. 450, 145 A. 511.

It is a general and well-established rule of law in Pennsylvania that the bailor's title is valid as against the creditors of his bailee; and this is not affected by the fact that, from the time the bailment commences, the parties contemplate that the bailee shall eventually become the owner of the articles bailed. Schmidt v. Bader, 284 Pa. 41, 130 A. 259.

The mere fact of the shipment of furniture to the Webster Hall Corporation is not of itself evidence that it was the intention of the parties to consummate a sale to the Webster Hall Corporation. The original agreement of November 25, 1925; the minutes of the stockholders of Webster Hall Corporation held January 4, 1926; the assignment of the Pick contract on January 22, 1926; and the Pick bill of sale to Martin—all show the unchanging intention on the part of all the parties to this transaction that no title was to vest in the Webster Hall Corporation until it took on the provisional and conditional title upon the execution of the conditional sales agreement.

This is not a case of a chattel mortgage of personal property, or of an equitable pledge of personal property, which are held to be ineffective in Pennsylvania against creditors of a chattel mortgagor or pledgor. A chattel mortgage, or pledge of personal prop-

erty, implies title in the mortgagor or pledgor; and, in the instant case, there was no time, during the whole period that the furniture was contracted for and being manufactured, that the title ever vested in the Webster Hall Corporation. If the title to this furniture, and the possession of it, had both vested in the Webster Hall Corporation prior to the time of the making of the conditional sale contract, one would have a case where the parties attempt, by the mere execution of papers, to provide a conditional sales agreement with reference to property, the title to which was already in the Webster Hall Corporation. In such a situation, you would have a case where there was no change in possession of the personal property, and all that would be done would be to execute papers. In such instances, the Pennsylvania courts have held the transaction fraudulent as against creditors. A case in point is that of Root v. Republic Acceptance Corporation, 279 Pa. 55, 123 A. 650, where an automobile dealer had purchased motorcars from the manufacturer. He borrowed money from the acceptance corporation, giving as security a bill of sale of the automobiles, and taking in return a paper purporting to be a bailment lease. Under the circumstances, the Pennsylvania courts held no title valid as against creditors.

Here we have no such situation. From the very first, the title to this property never actually vested in the Webster Hall Corporation, except as it acquired a conditional title thereto by the conditional sales agreement.

The receivers in this case have cited a number of cases as to the position of the receivers, among them a decision of our Circuit Court of Appeals in Porter Co. v. Boyd, 171 F. 305. This case was decided, of course, before the Conditional Sales Act of Pennsylvania was passed, and declares that equity receivers, where the receivership is based on insolvency of the corporation, were in the position of one holding an equitable execution attachment or sequestration for the benefit of creditors, and were therefore permitted to hold the property in spite of a secret lien unenforceable at law.

But, in the instant case, we have no situation of a secret lien. Parties, from the first, contemplated a conditional sale under the conditions of the Pennsylvania act, actually entering into that conditional sales agreement and recording it, as required by law. In Olson & Co. v. Voorhees, 292 F. 113, our Circuit Court again said that the receivers appointed for the purpose of winding up the affairs of a corporation and distributing its assets to creditors represent the creditors, and may avoid any conditional sales agreement that the creditors themselves could avoid.

In the instant case, no creditor is in a position to have avoided this conditional sales agreement, because there was no judgment or lien levy prior to the filing of the contract, as required by law.

■ The receivers contend that, if this is a valid conditional sales contract, we would have no jurisdiction in the case at bar, because the proceedings must be had under the Conditional Sales Act of Pennsylvania, and not by a bill in equity to foreclose the right of the conditional vendor. That might be true under some circumstances; but it must be borne in mind that, in the present case, the property in question is now in the custody of the court through its receivers, and the conditional sales vendor could not forcibly enter into possession of this property under the provisions of the Pennsylvania Act, and take it out of custody of the law. It seems logical that the only way the custody of the law over this property could be ended would be by some proceeding in this court involving the receivers, which would restore the property to the conditional vendor for a resale of it under the terms of the act.

On all the facts of this case, we find that the plaintiff is entitled to the relief prayed for in his bill of complaint. A decree may be submitted in accordance with our findings of fact and conclusions of law in this case.