

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Attention: Mr. J. J. Timmins

Gentlemen:

Opinion No. O-2780
Re: Whether the proposed contract
of Harveson and Cole, Fort Worth,
Texas, is one of insurance.

Relative to the subject matter of your correspondence under date of September 24th, there is submitted a proposed "burial service contract" desired to be issued by Harveson and Cole, a Funeral Home, concerning which you request an opinion of this department as to whether such proposed contract may issue in Texas. From other correspondence addressed to you and attached to the request, we may safely assume that the "funeral home" or contractor has not complied with the provisions of Senate Bill 135, 46th Legislature, Section 23 thereof. The question we are confronted with, therefore, is whether or not the issuance of a certificate such as the proposed contract, whereby the "funeral home" agrees to furnish as provided in the contract, a "standard funeral service according to current lists of prices therefor on file in the office of Harveson and Cole at the time of death," is within the provisions of Section 23 of Senate Bill 135, 46th Legislature, as being a contract of insurance.

In view of the stated purpose of the proposed burial service contract presented, we deem it unnecessary to copy or restate herein its various provisions. The document sets forth substantially an undertaking whereby the funeral home, in consideration of being designated to furnish a "standard funeral service" and which it agrees to do so contingent upon the death of the payor or members of the family named therein, the payor agrees to assign over the proceeds of the life insurance policy in such amount as designated in the face of the certificate. It is to be noted that the funeral home who issues the certificate is designated trustee beneficiary. The funeral home claims no insurable interest until death occurs, and the effect of this certificate as an assignment is dependent upon not only the effectuating of the policy of insurance wherein the funeral home is made the trustee beneficiary, but also the continuation of such policy in force. In this connection, the proposed contract provides that the lapse of the policy of insurance for non-payment of the premium to the insurance company, voids the contract and reinstatement of the policy reinstates the contract. It is further stated therein that in the event death occurs under circumstances or conditions expressed in the policy, such as suicide, relieving the insurance company from liability for payment, no funeral service is to be rendered. Section 23 of Senate Bill 135, supra, incorporated in Vernon's

Civil Statutes, under Article 5068-1, provides:

"Sec. 23. Any individual, individuals, firms, co-partnerships, corporations or associations doing the business of providing burial or funeral benefits, which under any circumstances may be payable partly or wholly in merchandise or services, not in excess of One Hundred and Fifty $150.00) Dollars, or the value thereof, are hereby declared to be burial companies, associations or societies, and shall organize under provisions of Chapter 274, Acts of the Forty-First Legislature, 1929, and amendments thereto; and shall operate under and be governed by Chapter 274, acts of the Forty-first Legislature, 1929, and amendments thereto, and this Act. It shall be unlawful for any individual, individuals, firms, co-partnerships, corporations, or associations, other than those defined above, to engage in the business of providing burial or funeral benefits, which under any circumstances may be paid wholly or partly in merchandise or services."

Section 1 of said law, provides in part:

"This Act shall apply to and embrace all insurance companies and associations, whether incorporated or not, which issue policies or certificates of insurance on the lives of persons, or provide health and accident benefits, upon the so-called mutual assessment plan, or whose funds are derived from the assessments upon its policyholders or members, and shall, in fact, apply to all life, health and accident companies or associations which do not come within the provisions of Chapter 3, Chapter 5, Chapter 7, Chapter 8, Chapter 9, Chapter 18, Chapter 19, or Chapter 20, Title 78 of the Revised Civil Statutes of Texas. This Act shall include local mutual aid associations; state-wide life; or life, health and accident associations; mutual assessment life, health and accident associations; burial associations; and similar concerns, by whatsoever name or class designated, whether specifically named herein or not."

The word "certificate" as used in the above section is defined in Section 2 as "shall include any insurance policy or contract of insurance, certificate of membership or other document through which insurance is effected or evidenced."

Section 24 of the law provides:

"Policies or certificates issued by burial associations shall provide for payment of the benefit in certain stipulated merchandise and burial service, which shall be scheduled in the policy or certificate and approved by the Board of Insurance Commissioners as being of the reasonable value as stated in the face of the policy, unless the insured shall at the time said policy is issued elect to have same paid in cash. The policy shall show in writing the election made. If the association issuing said policy shall fail or refuse to furnish the merchandise and services provided for in the policy, same shall be paid in cash.

Section 31 of the law provides:

"If any director, officer, agent, employee or attorney at law or attorney in fact of any association under this Act, or any other person, shall violate any of the provisions of this Act not specifically set out in Sections 26, 27, 28 and 29 of this Act, he shall be punished by fine not to exceed Five Hundred ($500.00) Dollars, or by imprisonment in the county jail not to exceed six (6) months, or by both fine and imprisonment."

"Burial insurance is a contract based upon a legal consideration whereby the obligor undertakes to furnish the obligee, or all of the latter's mere relatives, at death, a burial reasonably worth a fixed sum. It is a valid contract and constitutes life insurance." Joyce on Insurance, Par. 7e; Sisson ex rel. Nardolillo v. Prata Undertaking Co., 49 R. I. 132, 131 At. 76.

"Burial or funeral benefits insurance is valid, and being determinable upon cessation of human lives, and dependent upon their contingency, constitutes life insurance." Couch on Insurance, Vol. 1, Sec. 32, p. 47; State v. Willett, 171 Ind. 296, 23 L. R. A. (N.S.) 197, 86 N. E. 68; State ex rel. Fishback v. Globe C. & Undertaking Co., 82 Wash. 124, 143 Pac. 878; Fikes v. State, 87 Miss. 251, 30 So. 783; State ex rel. Coleman v. Wichita M. Burial Association, 73 Kan. 179, 84 Pac. 757.

The cases generally hold that contracts by which one party, for a consideration, promises to make a certain payment of money upon the death of the other, whatever may be the terms of payment of the consideration of the assured, or the mode of estimating or securing payment of the insurance money, it is still a contract of insurance, no matter by what name it may be called. Commonwealth v. Wetherbee, 105 Mass. 149; State v. Benevolent Association, 18 Neb. 281, 25 N. W. 81; Farner v. State, 69 Tex. 276, 7 S.W. 220.

"Whether or not a contract is one of insurance is to be determined by its purpose, effect, contents and imports, and not necessarily by the terminology used, and even though it contains declarations to the contrary." National Auto Service Corporation v. State, 55 S.W. (2) 209.

The language of the provisions of Article 5068-1, above quoted, is couched in general terms sufficiently broad in scope to include any and all kinds of contracts, certificates or other documents of similar nature as the one presented here, which evidences, imports and is designed to effectuate insurance. There is a promise to perform a valuable service contingent on the death of the party or parties. The consideration is the assigned proceeds of the insurance policy which is sought to be effectuated by the certificate and kept alive by payments made to the company. The fact that no weekly, monthly or annual payment is paid direct to the

funeral home is not material in considering whether or not the contract in question is one of insurance within the provisions of Article 5068-1, supra.

It is therefore the opinion of this department that the contract presented, proposed to be issued by Harveson and Cole, of Fort Worth, Texas, is a contract of insurance. We are not to be understood as approving the issuance of this type of proposed contract as one complying with the provisions of Article 5068-1, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Wm. J. R. King

Wm. J. R. King
Assistant

WJRK:ew:egw

APPROVED DEC 4, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman