**John J. CENNA, Appellant,**

**v.**

**UNITED STATES of America.**

**No. 17154.**

United States Court of Appeals Third Circuit.

Argued Sept. 23, 1968.

Decided Oct. 25, 1968.

---

James P. McKenna, Jr., Dickie, McCamey & Chilcote, Pittsburgh, Pa. (Carmen R. Damian, Damian & Damian, Pittsburgh, Pa., on the brief), for appellant.

Michael C. Farar, Dept. of Justice, Civil Division, Appellate Section, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Gustave Diamond, U. S. Atty., Alan S. Rosenthal, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellees.

Before HASTIE, Chief Judge, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from a district court order dismissing appellant's complaint for failure to state a claim cognizable under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and for lack of jurisdiction to entertain it under the Tucker Act (28 U.S.C. § 1346(a) (2)) because the claim is in excess of $10,000. Since the question on appeal is only whether, if appellant proves what he alleges to be true, he will state a valid claim cognizable in the district courts, we will assume

for such purpose that the material allegations of the complaint are true.

According to the complaint, appellant and one Otto P. Schneider, an agent of appellee, United States, who was acting in the course of appellee's business and within the scope of his employment, entered into an oral contract under the terms of which appellant would prepare plans, sketches, diagrams and drawings to correct a faulty air conditioning system existing in the new Federal Building in Pittsburgh, Pennsylvania. The complaint further alleges that appellant prepared the plans, presented them to the United States, and was advised by Schneider that he would be paid for his work. The plans were subsequently used, but appellant was never paid, causing him the loss of his creation.

The facts thus alleged in appellant's complaint give rise to two possible types of action. The most obvious is an action in contract based either upon the oral contract or upon the common count of quantum meruit. The other is the one alleged by appellant in his complaint, i. e., for tortious conversion under the Federal Tort Claims Act. The court will examine appellant's allegations under both theories of action in order to view them in the light most favorable to him and determine whether there is any possible basis for permitting appellant to get to the merits of the case.

■ Although appellant alleges conversion, the gravamen of the complaint is for breach of contract or quantum meruit. According to appellant, he and appellee's agent entered into an oral contract, he tendered his work product, it was accepted and used by appellee, and he was promised remuneration. It is for the breach of this promise to pay that appellant is seeking relief. As a claim sounding in contract, the complaint was properly dismissed by the district court for lack of jurisdiction, since appellant prayed for $1,000,000, and the Tucker Act limits the jurisdiction of the United States district courts in contract claims against the United States to $10,000.

■ We now turn to appellant's contention that the facts alleged make out a claim for tortious conversion cognizable under the Federal Tort Claims Act. To determine whether appellant has stated a claim justiciable under the Act, the Court is directed by 28 U.S.C. § 1346(b) to consider the United States as if it were a private entity and to look to "the law of the place where the act or omission occurred." The act of conversion, according to the complaint, occurred in Pittsburgh, Pennsylvania; hence the law of conversion of the Commonwealth of Pennsylvania controls.

■ Pennsylvania law teaches that "a conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." Gottesfeld v. Mechanics and Traders Insurance Co., 196 Pa.Super. 109, 115, 173 A.2d 763, 766 (1961), cited with approval in Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 451, 197 A.2d 721, 726, 4 A.L.R.3d 1450, 1458 (1964). A deliberate taking of another's personal property without consent is the strongest and clearest case of conversion. But the deliberate taking of another's personal property with the consent of that person to use it for one purpose, but with the intent of using it for another in conflict with that person's interest is also conversion. Gottesfeld v. Mechanics and Traders Insurance Co., supra. In Gottesfeld, the alleged converter took the goods in question (furs) under a consignment agreement either to sell them or to return them within 48 hours, and, contrary to the agreement, he absconded with them. The court found that "[a] conversion occurred * * * since La-Rosa [the converter] received the goods upon the premises with the intent at that time to appropriate them to his own use." Gottesfeld v. Mechanics and Traders Insurance Co., supra, 173 A.2d at 766. Hence, although the goods were taken with the consent of the owner, the consent was nullified by the converter's intention and subsequent action of con-

verting the goods to his own use, which was contrary to the owner's.

■■ In the case before us, appellant gave appellee's agent the plans[1] with consent to use them for the very purpose that they were eventually used, i. e., to improve the air conditioning system of the Federal Building. Schneider's use of the plans did not go beyond the express or implied consent given to him by appellant. Moreover, there is no allegation that appellee had any intent inconsistent with that represented to the appellant at the time that the plans were surrendered. Hence, appellant fails to make out a claim for tortious conversion in that his consent for the United States to use his plans stands unimpeached. In our view, this result preserves the distinction between tort and contract claims mandated by the Federal Tort Claims Act and the Tucker Act.

■ Possibly a claim for tortious conversion could be stated were appellant to allege that at the time of the surrender Schneider either intentionally deceived appellant as to the United States' intention to pay or negligently failed to ascertain whether the United States would pay. In either case, appellant would then make out a classic case of misrepresentation or deceit.[2] The complaint would then be subject to dismissal as falling within the statutory exclusion of 28 U.S.C. § 2680(h).[3] In United States v. Neustadt, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614, 619 (1961), the United States Supreme Court held that the scope of the exclusion, a matter of federal law, includes negligent as well as wilful misrepresentation. Hence Schneider's activities, whether viewed as intentional or negligent, fall within the

purview of the exclusion. The court finds no plausible distinction, as counsel for appellant tried to make at oral argument, between misrepresentation of fact and of law for purposes of the section of the statute in question.

The order of the district court dismissing appellant's complaint is affirmed.

---

1. The Pennsylvania Supreme Court in Mackay v. Benjamin Franklin Realty & Holding Co., 288 Pa. 207, 209, 135 A. 613, 614, 50 A.L.R. 1164, 1165 (1927), made it clear that under Pennsylvania law plans such as those prepared by appellant are chattels which can be converted.

2. See United States v. Neustadt, 366 U.S. 696, 706 n. 16, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614, 621 (1961).

3. The statute reads in pertinent part: "The provisions of this chapter and § 1346(b) of this title shall not apply to—
   * * *
   (h) Any claim arising out of * * * misrepresentation, deceit * * * "