## ADAMS v. GRIFFITH.
### No. 1557.

District Court, W. D. Missouri, W. D.
Sept. 20, 1943.

J. B. McFarland, of Kansas City, Mo., for plaintiff.

R. R. Brewster and Dean C. Allard, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion to strike is based upon the theory that the complaint violates the provisions of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The charge is that the complaint fails to state concisely the facts showing the complainant entitled to the relief prayed for. It is further charged that the complaint contains "redundant, irrelevant, immaterial and scandalous matter." The motion to strike contains specific reference to claimed objectionable averments.

An examination of the complaint shows that it is a suit for an alleged breach of marriage promise. The complaint details the age of the parties, their first meeting and the circumstances leading to the alleged marriage contract. It is stated, in substance, by the complainant, that the defendant was never sincere in his intentions and deceitfully and insincerely induced her to enter into the marriage contract. Such acts of the defendant were characterized as "willful, wicked, wrongful and malicious." The alleged breach of the marriage promise caused the usual mental suffering and distress. For such alleged breach, the complainant seeks both actual and exemplary damages.

It is emphasized in the motion to strike that in such an action a complainant is not entitled under the laws of Missouri to recover exemplary or punitive damages.

1. In considering a motion to strike it seems proper to examine the law with respect to a suit of this kind. A claim for damages for breach of marriage promise is somewhat different from the ordinary action on single contract. As a rule, in suits for breach of contract it is only necessary to allege the contract and its breach. An action for breach of marriage promise, while in its nature ex contractu and not ex delicto, "although, the wrong that occurs being purely personal, the action partakes somewhat of the characteristics of one for tort so far as damages are concerned." 11 C.J. S., Breach of Marriage Promise, § 15, p. 783; Broyhill v. Norton, 175 Mo. 190, 74 S.W. 1024.

In the case of Broyhill v. Norton, supra, 175 Mo. loc. cit. 203, 74 S.W. loc. cit. 1028, the Supreme Court of Missouri, in defining the action, said: "This is not an action in tort, although it partakes somewhat of the characteristics of such an action, since injury to the plaintiff's reputation is one of the elements of damage naturally to be considered. Still it is not to be governed entirely by the rules that govern in suits for slander, libel, and the like. It is an action arising out of a contract, and the plaintiff is asking only compensation for her injury. Among the elements of damage naturally

following a breach of such a contract are suffering from shame and injury to reputation. These are the elements of actual injury, for which a plaintiff in an action ex contractu is entitled to recover as for compensation. * * *"

2. Since the action partakes somewhat of the characteristics of one for tort in so far as damages are concerned, the averments of fraud and deceit are not improper.

An examination of the authorities would indicate that Missouri is an exception to the rule relating to exemplary damages. 25 C.J.S., Damages, § 120, p. 716, 11 C.J.S. Breach of Marriage Promise, § 45, p. 813. The text in the last reference specifically provides, that: "* * * where, in the making of the contract or in the breach thereof, defendant has been guilty of fraud or deceit, or has been actuated by evil motives, punitive or exemplary damages may be awarded." Such has been the rule in Illinois, Minnesota, Kansas, and other states.

3. It has been specifically held in Missouri that exemplary damages are not allowable in a case of breach of a marriage promise. Trammell v. Vaughan, 158 Mo. 214, 59 S.W. 79, 82, 51 L.R.A. 854, 81 Am. St.Rep. 302. The Supreme Court, in announcing the rule, said in reference to a claim for punitive damages in the Trammell case: "This is, as far as we are advised, the first case on record for maliciously maintaining a suit in the courts of Cupid. If the defendant fraudulently entered into the contract, the plaintiff was entitled to withdraw from the contract, for the defendant's fraud vitiated her consent. If the defendant entered his suit in malice, and not in love, this aggravated the plaintiff's damages, and she is entitled to recover compensation therefor, but not punitive damages. * * *"

It is doubtful if the Supreme Court of Missouri will adhere to this opinion in the light of the rule existing in other states and the many good reasons why such an award should be allowed.

Three years after the decision in the Trammell-Vaughan case, the Supreme Court in the case of Broyhill v. Norton, supra, 175 Mo. loc. cit. 205, 74 S.W. loc. cit. 1029, intimated that punitive damages might have been claimed. The facts apparently justified punitive damages. The court said: "* * * There is in this case no question

of punishment. The plaintiff is not asking punitive damages. She asks only compensation for the injury done her by the failure and refusal of the defendant to fulfill his engagement to marry her."

However, whatever we may think the law should be, the decisions of the courts of Missouri are controlling in this litigation, under the rule announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. Accordingly, the motion to strike that portion of the complaint relating to punitive damages should be sustained.

4. While probably the complainant would be entitled to prove the deceit and fraud in the contract without the averments relating thereto, yet, because of the peculiar and unusual characteristics of such an action, such averments should be permitted to stand.

It follows that the defendant's motion to strike will be overruled, except that portion relating to exemplary damages, and it will be so ordered.