**William V. SUFLAS and P. C. Suflas, copartners, t/a the Town Restaurant**

v.

**CLEVELAND WRECKING COMPANY.**

Civ. A. No. 27548.

United States District Court
E. D. Pennsylvania.

June 14, 1963.

Samuel Gorson, Philadelphia, Pa., for plaintiffs.

Wolf, Block, Schorr & Solis-Cohen, by Howard Gittis, Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

This is an action seeking both actual damages and punitive damages alleged to have resulted from a wrecking operation carried on by defendant at a property adjoining the business property of the plaintiffs. The jury found that plaintiffs had suffered actual damages in the amount of $5,655.28. In addition, the jury returned a verdict in favor of plaintiffs in the amount of $8,000 as punitive damages. Defendant has moved for a new trial. On the question of punitive damages the jury was charged in part as follows:

"* * * In considering whether or not the plaintiff is entitled to punitive damages you may consider the nature of the defendant's acts, the extent of the interference with the plaintiff, and the plaintiff may recover punitive damages even though he sustained no actual damages. But you will have to determine that, and punitive damages, somewhat like damages that you may

have previously been called upon to assess for pain and suffering, for which no one can give you a dollar figure—punitive damages are something like that; no one can give you a dollar figure, but you should bear in mind that they are not compensatory but are assessed by you as punishment and as a deterrent, if you find there was reckless indifference —as a deterrent against such reckless indifference in the future. * * *"

▇ I am convinced that this was error. The law applicable to the recovery of punitive damages is that of Pennsylvania: Adams v. Griffith, 51 F.Supp. 549 (W.D.Mo.1943); Thompson v. Mutual Benefit Health & Accident Association of Omaha, Nebraska, 83 F.Supp. 656 (N.D.Iowa 1949); Kelite Products v. Binzel, 224 F.2d 131 (C.A.5, 1955); Reynolds v. Pegler, 223 F.2d 429 (C.A.2, 1955).

▇ Two things are clear: (1) punitive damages may not be recovered in Pennsylvania absent a showing of actual damages: Hilbert v. Roth, 395 Pa. 270, 149 A.2d 648 (1959); (2) punitive damages, if recovered, must bear a reasonable relationship to the amount of actual damages: Givens v. W. J. Gilmore Drug Co., 337 Pa. 278, 285, 10 A.2d 12 (1940).

▇ Plaintiffs argue that it was harmless error to instruct the jury that punitive damages may be recovered even though plaintiff sustained no actual damages because, in fact, there was here a finding based on adequate proof that plaintiff did sustain actual damages. This argument disregards the second requirement of Pennsylvania law that punitive damages must bear a reasonable relationship to the actual damages. It is no answer to say that the court may consider the punitive damages reasonable. The defendant had a right to have this jury determine under proper instruction what reasonable punitive damages would be. Without an instruction as to the proper relationship between actual and punitive damages, the jury could well have considered that there need be no such relationship. Under a proper instruction the jury may well have found punitive damages in a substantially lower amount as representing its appraisal of a reasonable relationship between the two. This was denied the defendant and accordingly a new trial must be granted.

The conclusion that we have reached makes it unnecessary to pass upon the defendant's second contention that the jury was prejudiced by the mention of insurance.